## PINDERS v. YAGER.

1. **Circuit court:** RULES: PRACTICE. The circuit court has power to pre-scribe and enforce a rule to the effect that if the appellant, in an appeal from a judgment of a justice, fails to have filed a transcript by the second day of the term, that then the appellee may file such transcript and the appeal bond, and have the judgment of the justice affirmed against the appellant and his sureties.

2. —— The filing comtemplated by such a rule is not effected by delivering the transcript to the clerk without payment of security of the filing fee.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, AUGUST 31.

ACTION before a justice of the peace and judgment for plaintiff, which was affirmed on appeal in the circuit court. Defendant appeals to this court.

*M. D. & O. H. Browning* for the appellant.

*Geo. Robertson* for the appellee.

BECK, J.—The judgment was rendered by the justice of the peace July 26, 1869 ; the appeal was taken July 28 ; the transcript was returned by the justice to the clerk of the circuit court July 29, and was filed, the fee being paid by plaintiff, November 2, 1869, being the second day of the term of court after the appeal was taken. Upon the payment of the filing fee by plaintiff, he moved that the transcript be filed and the judgment affirmed ; which was done.

The following rule is in force in the circuit courts of the first judicial district :

"In cases where appeals are taken from judgments of justices of the peace (which appeals are allowed ten

days before the succeeding or subsequent term of the circuit court), and the appellant neglects to have a certified transcript filed with the clerk of said court, or an affidavit showing some cause for not so doing, on or before the second day of said term of said court, then the appellee may, on the second or any subsequent day of such term, have a transcript of such judgment and copy of appeal bond filed, and the case docketed and the judgment affirmed, and judgment against the sureties on the bond. This rule applies to cases whether notice of appeal has been filed or not. This rule shall not be taken to preclude filing appeals already taken by the second day of the next term thereafter."

The clerk, upon return being made of the transcript, may refuse to file it, unless the fee allowed him is either paid or secured. Rev. § 4137. The cause will not be deemed pending in the circuit court until the transcript is filed (Rev. § 3926), and cannot be considered under section 3032, for trial upon the merits.

The circuit court undoubtedly has power to prescribe rules which will prevent parties, by refusing to file appeals, delaying the course of justice. The rule above given is designed for that purpose, and we are of the opinion that there can be no well grounded objection urged against it. It in no manner abridges the right of appeal, but imposes a penalty upon those who, through negligence or design, seek to delay the trial of their cases. Rules of this character and for such an object are necessary to the due administration of justice, and are enforced by most if not all courts. *McManus* v. *Humes,* 6 Iowa, 160; *The State* v. *Glass,* 9 id. 325.

It is urged that it does not appear that security was not given for the payment of the clerk's fee. If it had been given the presumption is that the transcript would have been filed; and, as it is not filed, the presumption in

favor of the correctness of the action of the clerk requires us to consider that it was not filed because the fee was not secured nor paid.    It is also insisted, that, as the transcript was left with the clerk, it was in fact filed, and the motion should not, therefore, have been sustained. The filing by the clerk makes a transcript a record of the court, and the case is therefore pending in the court. This is what is meant by " filing," which is evidenced by the indorsement of the clerk, and is very different from the mere act of receiving the custody of the paper.

The foregoing views, it is believed, meet all objections raised by the appellant.    The judgment of the circuit court is

Affirmed.