| | |
|---|---|
| Amy Warwick .................. | $145,393 04 |
| Allowed ½ per cent............ | 726 96 |
| Southern Independence .......... | 64,013 94 |
| Allowed ½ per cent............ | 320 06 |
| Victoria ...................... | 50,420 49 |
| Allowed ½ per cent............ | 252 10 |
| Charlotte ..................... | 31,338 75 |
| Allowed ⅝ per cent............ | 195 87 |
| P. C. Wallis .................. | 8,392 83 |
| Allowed 1 per cent............ | 83 92 |

## Case No. 345.

### AMY et al. v. SHELBY COUNTY.

[1 Flip. 104.][1]

Circuit Court, W. D. Tennessee. Aug. 7, 1872.

TAXATION OF COSTS—FEES FOR RECEIVING, AND FILING.

1. No paper is "filed" unless it has the proper indorsement of the clerk. Merely placing it in the court papers is no "filing." When indorsed by the clerk "received and filed," and actually filed, a fee of ten cents is allowed, and when it is necessary to enter a note on the calendar of such fact an additional fee of fifteen cents is allowed.

2. When the number of words are less than a hundred they are counted a folio, and as such entry is, in fact, a record, the departmental construction is the proper one, which gives the clerk ten cents for "filing" a paper and fifteen cents for the record entry in the calendar.

Appeal from taxation of clerk's cost. The facts are stated in the opinion.

Randolph, Hammond & Jordan, for plaintiffs.

Wm. W. McDowell, for defendant.

WITHEY, District Judge. Two thousand coupons, being for interest on certain bonds of Shelby county, were introduced in evidence by the plaintiff, and judgment was rendered in his favor, for the amount of all the coupons and interest. The clerk charged as fees ten cents for filing each coupon—$200—also for making certificate on each of the fact that judgment was rendered thereon—fifteen cents—$300; the court, for greater security against any improper use of such obligations, having ordered such certificates to be canceled. The ex-clerk rendered the services, and the taxation was by the present clerk. From his taxation defendant appeals. By agreement the appeal is submitted to me, as the cause was tried while I was on the bench discharging the duties of the district judge of Tennessee, who was necessarily absent in the eastern district.

I have carefully examined the question presented, and am of opinion that the taxed bill of clerk's fees should be reformed. The fee bill gives the clerk "for filing and entering every declaration, plea or other paper, ten cents." This relates to papers in the cause which constitute a part of the files proper, and embraces such only as when filed cannot be withdrawn of right by either party. Thus, a promissory note or bond,

[1][Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

upon which suit is brought, introduced in evidence, is not a paper to be filed in the cause. It belongs to the party producing it, and when it has subserved its purpose as evidence, has no necessary place in the files; is not to be indorsed "received and filed," nor is it to be entered in the court calendar. It is true that such papers are usually left with the files, but strictly a note or bond used merely as evidence, is no part of the files proper, any more than is a deed used for a like purpose. The duty of the clerk is to indorse on such note or bond, where it constitutes the subject matter of the suit, a certificate of the fact that judgment has been rendered thereon. This is done to guard against any subsequent assertion of a claim thereon, or other improper use thereof. For such certificate the clerk is entitled to a fee of fifteen cents. If for any reason the court directs such paper to be filed, the clerk will be entitled to the fee of ten cents "for filing and entering." The coupons were used merely as items of evidence; they are not necessarily to be "filed and entered," and constitute in no proper sense a part of the files in the cause, unless the court ordered them to be filed. No such order was made, but the court did order that each coupon be indorsed by the clerk with a certificate that judgment was rendered thereon, in order that no improper use could be made of them thereafter. This was done by the clerk, but none are indorsed "received and filed," etc., and I do not see how the clerk can claim under the fee-bill ten cents each for filing papers which have never been filed. The clerk argues that when the coupons are placed in the files of the case, they are filed. I regard this a mistaken view. No paper is filed unless it has the proper indorsement thereon. The fee of ten cents is given for making such indorsement, and when necessary, entering a note on the calendar of the paper and date of filing.

The accounting officer of the proper department of the government allows ten cents for filing each paper, and fifteen cents additional for entering in the calendar a note of the filing; holding, I suppose, that such entry is a "record" entitling the clerk to a fee of fifteen cents a folio. When the number of words are less than one hundred they are counted a folio, and inasmuch as such entry is in fact a record, I am inclined to regard the departmental construction the proper one, which gives the clerk ten cents for filing a paper and fifteen cents for the record entry in the calendar. Again, the fee-bill, (and it is under this claim, as I understand, that the department gives the fifteen cents for entering in the calendar a paper regarding it a record,) provides "for making any record certificate, return or report, for each folio fifteen cents." In reference to the coupons in question, the court directed, as before stated, the clerk to indorse on each of the two thousand coupons a certificate that judg-

ment was rendered thereon, with date, number of cause and court. This was done, and for this service the clerk has charged a fee of fifteen cents each for two thousand certificates of one folio each, regarding such indorsement as a certificate. In this, I think the clerk is correct. While it is not a "record," it is a "certificate" of the fact that each coupon had gone into judgment, and a most important one for the defendant, Shelby county. It is a certificate of cancelation for which the county can well afford to pay, and is, I think, strictly within the terms of the fee-bill last referred to, a "certificate." The fee of fifteen cents per folio, counting each certificate one folio, amounts to three hundred dollars. This I allow.

I remark, that had the clerk, in fact, under the circumstances, actually indorsed on each coupon, "Recorded and filed," etc., I should be disposed to allow the fee of ten cents for filing. This not having been done, and not being necessary, I do not allow it. The ex-clerk's fees, as taxed by the present clerk, amounting to $841.22. I disallow the item of $200 for "filing 2,000 other papers in cause, ten cents each," and tax tne clerk's cost under this bill at six hundred and forty-one dollars and twenty-two cents ($641.22.)