## HARRISON v. CLIFTON.

1. **Forcible Entry and Detainer** : FORFEITURE OF LEASE : EVIDENCE. In an action of forcible entry and detainer against a tenant on the ground that he had forfeited his lease, evidence that the defendant did not properly cultivate the farm and care for the stock leased therewith was properly excluded, since the lease did not provide that for such negligence the lessor might elect to terminate it.

2. —— : —— : TIME FOR DELIVERING SHARE : CONSTRUCTION. The lease in question bound the defendant to pay, as rent, one-half of the crops, and one-half of the cream and butter, and provided that, for a failure to pay any of the rent for a period of ten days after due, the plaintiff might declare the lease forfeited and proceed by forcible entry and detainer. In such proceeding, based upon an alleged failure to deliver half the cream, *held* that the lease did not provide when the cream should be due, and that a delivery of a proper amount of cream within a reasonable time during the term was sufficient.

3. **Appeal:** FROM JUSTICE'S COURT: FILING PAPERS IN APPELLATE COURT : WHAT SUFFICIENT. In section 3583 of the Code, requiring a justice of the peace, when an appeal is taken, to file in the office of the clerk of the appellate court all the original papers and a transcript of his docket, the word "file" means deposit, and when the papers and transcript are so deposited by him, the cause is deemed to be in the appellate court, and the neglect of the clerk to make a note of the filing in the appearance docket is immaterial, as section 200 of the Code, making such entry essential to the proper filing of pleadings, is not applicable.

*Appeal from Palo Alto District Court*—HON. GEORGE
H. CARR, JUDGE.

FILED, MAY 25, 1888.

THIS is an action of forcible entry and detainer, brought originally before a justice of the peace. Plaintiff recovered judgment in that court, and defendant appealed. The trial of the cause in the district court resulted in a verdict and judgment for defendant. Plaintiff appeals.

*Harrison & Jenswold* and *P. O. Cassidy*, for appellant.

*C. E. Cahoon*, for appellee.

REED, J.—Plaintiff leased a farm and certain cows to the defendant for a term of seven years, commencing April 1, 1886. By the terms of the contract, defendant was to pay as rent one-half of the crops grown on the premises, also one-half of the cream and butter from the milk of the cows. The lease also contains the following provisions: "If any of the rents herein specified shall become due and remain unpaid for the period of ten days, then it shall be optional with Harrison to declare this lease void, and, upon giving ten days' notice thereof, reënter upon said premises, and remove all persons therefrom, without process of law, or to proceed with the remedy of forcible entry and detainer as

provided by statute, and said Clifton to farm said premises in a good and workmanlike manner. * * * Harrison agrees that upon the payment of rents herein specified, and the fulfillment of the covenants herein made, to maintain said Clifton in the lawful possession and use of said premises until the end of said term.'' In August, 1886, plaintiff caused a written notice to be served on defendant, informing him that he elected to terminate the lease ; and, after the expiration of ten days, he instituted this action, alleging in his petition that defendant had neglected to pay the rent as provided in the contract ; also that he had neglected to farm the place, or care for the cows, in the manner required by the lease, and that he had neglected to harvest certain grain and timothy grown upon the premises, and that he ( plaintiff ) had been compelled to expend a large sum of money in harvesting and caring for the same, and that such expenditure was necessary for the preservation of the property.

I. On the trial in the district court the court excluded certain evidence offered by plaintiff to prove that defendant did not feed, care for or shelter the cows, as required by the contract, and that he did not cultivate the leased premises in a good and workmanlike manner. It is doubtless true that the effect of the defendant's neglect in these respects would be to lessen the amount of the rent, and, being injurious to plaintiff, he would have his proper remedy therefor. But the parties did not make that a ground for terminating the lease. Plaintiff was entitled to receive as rent one-half of the crops grown on the premises, and one-half of the cream and butter from the milk of the cows, and it was the failure to pay such rent when the same became due which, by the express provisions of the lease, was made a ground for terminating it. For the neglect alleged, and which the excluded evidence, we may assume, would have proven, his only remedy was in an action for damages. The ruling of the court in excluding it on the trial is clearly right.

1. FORCIBLE entry and detainer: forfeiture of lease: evidence.

Harrison v. Clifton.

II.  The evidence without conflict shows that while defendant delivered to plaintiff one-half of the butter

**2. ——:——:time for delivering share: construction.** manufactured, he did not deliver any cream, but sold all not manufactured into butter, and kept the proceeds until after the notice of plaintiff's election to terminate the lease was served on him, and until after the suit was instituted, when he paid one-half the amount to him.  It was insisted that on this state of facts plaintiff's right under the provision of the contract to terminate the agreement is clear. It is to be observed, however, that the lease makes no provision as to the time or times when the cream should be delivered.  If defendant should deliver, during any period of the term, and within a reasonable time, an amount of cream equal to that he had previously appropriated, the conditions of the contract would be performed.  The court instructed the jury that, as no time of payment was specified in the contract, defendant was required to pay within a reasonable time, and the correctness of the instruction is not questioned ; and the jury may well have found under the evidence that he had not had a reasonable time when the attempt to terminate was made, for but a small portion of the term had then elapsed.

III.  Plaintiff filed in the district court a motion to strike the cause from the docket and discontinue it, for

**3. APPEAL: from justice's court : filing papers in appellate court: what sufficient.** the reason that neither the pleadings nor the transcript were filed in the clerk's office. The justice had in fact returned the pleadings, together with the transcript of his docket entries, to the clerk ; but the real ground of the motion is that the clerk had neglected to make a note of the filing in the appearance docket. The motion was overruled.  Appellant relies on section 200 of the Code, which requires the clerk, immediately on the filing of a pleading, to make a note of such filing in the appearance docket, and provides that no pleading shall be deemed filed until such entry is made ; and on *Padden v. Moore*, 58 Iowa, 703, and *Nickson v.*

*Blair*, 59 Iowa, 531, in which we held that this requirement is mandatory, and that a pleading could not be regarded as filed until the note of the filing was entered on the appearance docket. We are of the opinion, however, that section 200 does not apply to actions appealed from justices of the peace to the district or circuit court. This is clear, we think, from the provisions of the statute specially applicable to that class of cases. Section 3583 makes it the duty of the justice of the peace, when an appeal is taken, to file in the office of the clerk all the original papers relating to the suit, with a transcript of all the entries in his docket. It is clear that the word "file," as used in that section, means simply to deposit. The entry in the appearance docket is not essential to the filing as there directed, for that is required to be made by the clerk, whereas it is the justice who is required to file the papers. Section 3584 provides that, "upon the return of the justice being filed in the office of the clerk, the cause shall be deemed in the circuit court." The word is used in the same sense in that as in the previous section. The cases cited were brought originally in the district court, and have no bearing on the question. The motion was properly overruled, as was also the motion for a continuance based on the same ground.　　　　　　　　　　　　　　　　　　Affirmed.