Hook et al., Plaintiffs in Error, v. Fenner, Defendant in Error.

1. Filing, what constitutes.

When the duty rests upon a party to file a paper, it is discharged in the absence of any question as to fees by placing the paper in the hands of the proper custodian, at the proper time and place.

2. Same.

If a paper in the case is placed as a permanent record in the office of the justice, his failure to perform the mere clerical act of indorsing it as filed cannot operate to the prejudice of either party to the suit.

3. Same.

The filing of a paper in court may be complete without the indorsement of such filing. The indorsement is only evidence of the filing, but not exclusive evidence.

4. Description of Property in Replevin.

While certainty in the description of the property is required in replevin, this rule does not require greater certainty of description than the nature of the property will reasonably admit.

5. WAIVER OF OBJECTION, WHEN PRESUMED.

After the defendants in an action of replevin have pleaded that the property is theirs and have submitted the case to a jury on its merits, it is too late to ask a reversal of the judgment because of uncertainty in the description.

*Error to the County Court of Eagle County.*

ACTION commenced by D. W. Fenner, before J. S. Mc-Mun, justice of the peace, within and for the county of Eagle. Writ of replevin issued upon the first day of November, 1889.

A trial before the justice resulted in a verdict and judgment for the plaintiff. Appeal taken to the county court, where the case was again tried with the same result.

Mr. CHARLES K. PHILLIPS and Messrs. NORRIS & HOWARD, for plaintiffs in error.

Messrs. MONTGOMERY & FROST and Mr. H. M. JACOWAY, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

In the county court a motion was made, for the first time, to dismiss the action for the want of jurisdiction, because, as it is alleged, the writ was issued before the filing of any undertaking with the justice. This motion was overruled, and this ruling of the court constitutes the principal ground of error relied upon in this court.

There is an undertaking in the statutory form in the record, but there is a dispute between the parties as to whether it was in fact filed before or after the issuance of the writ by the justice. The plaintiff in error claims that it was not filed until after the writ had been issued and executed. In support of this contention they rely upon the filing indorsement of the justice upon the instrument. This shows that the undertaking was filed upon the eighth day of November,— seven days after the date of the writ. The defendant in

error claims that this date is manifestly incorrect. To show this, he relies upon the fact that the bond itself bears date the first of November, 1889, and also calls attention to the recitals in the writ of replevin, under the hand and seal of the justice, to the effect that the plaintiff having previously given good and sufficient security to prosecute his action, and to make return of the goods and chattels described therein, if return should be awarded, etc.

In the consideration of the question thus raised, it becomes important to determine at the outset what constitutes the filing of a paper. Is it the clerical act of indorsing it as filed, or is it receipt of the paper by the proper custodian, and its lodgment in his office? The duty of a party required to file a paper, in the absence of any question as to fees, would seem to be discharged when he has placed the same in the hands of the proper custodian, at a proper time and in a proper place. If a paper in the case is placed as a permanent record in the office of the justice of the peace, this ought to be sufficient, no matter if the justice fails to perform the mere clerical act of indorsing it as filed. If the paper was actually placed in the hands of the justice for filing, before the writ was issued, it is clear that it was his duty to mark the same as filed. Failing to discharge this duty, can it operate to the prejudice of either party to the suit? We are of the opinion that it cannot.

The undertaking as presented by the plaintiff below is in strict accordance with the statute; no question is made upon the responsibility of the sureties. It appears that it was in every way satisfactory to the justice, and the fact that he did not mark it as filed we think is quite immaterial, if, as a matter of fact, it was left with him at his office for filing, within the proper time. It has been repeatedly held that the filing of a paper in court may be complete, without the indorsement of such filing. The indorsement being only evidence of the filing, but not the exclusive evidence. *Lessee of Haines v. Lindsey*, 4 Hammond (Ohio), 88; *Thompson &*

*Boyer v. Foster's Adm'r*, 6 Ark. 208 ; *The State v. Gowen*, 12 Ark. 62 ; *Bettison v. Budd*, 21 Ark. 578.

Was the undertaking in this case filed within the time required by law ? That it was executed at the proper time is apparent from the date of the bond ; that it was filed before the writ was issued, is certified to by the justice of the peace in the writ itself. When we add to these facts the presumption that must be indulged, in favor of the regularity of the proceedings of all public offices, we think that it sufficiently appears that the bond was filed with the justice of the peace before the writ was issued.

This position receives further support from the fact that none of the papers show a filing indorsement of a date prior to the eighth of November, although it sufficiently appears that the affidavit was made and sworn to before the justice on the first day of November; and no evidence *aliunde* was offered to show that either affidavit or bond was not filed upon that date. Moreover, as no question was raised before the justice of the peace in regard to the date of the filing of the undertaking, this may be considered as additional evidence that all parties conceded that the proper preliminary steps had then been taken to give the justice jurisdiction.

It is contended that the description of the property replevined as given in the writ of replevin is insufficient. The property is described as follows : " Two thousand pounds of oats, more or less, now situated in a certain granary, on the premises now occupied by defendants." The evidence shows that these oats had been segregated and placed in a certain bin in a granary owned by the defendants, and that the constable had no difficulty in finding them. The record also shows that two juries have found the description sufficient. We think under the circumstances greater minuteness should not be demanded. While certainty in the description of the property is required in replevin, this rule does not require greater certainty of description than the nature of the property will reasonably admit.

Aside from this, as no objection to the description was

made for uncertainty in the court below, it must be deemed to be waived.   After the defendants have pleaded that the property is theirs, and have submitted the case to the jury upon its merits, it is too late to ask that the judgment should be reversed, because of uncertainty in the description.   Wells on Replevin, sec. 185.

Some question is raised as to the amount of damages allowed.   This was a question of fact for the jury to determine, under all the evidence in the case, and we see no reason for interfering with their conclusion in the matter.   The judgment is affirmed.

*Affirmed.*