### MUTUAL LIFE INS. CO. v. PHINNEY.

(Circuit Court of Appeals, Ninth Circuit. October 26, 1896.)

#### No. 274.

1. CIRCUIT COURT OF APPEALS—JURISDICTION—FILING WRIT OF ERROR.
   Where the record does not show that the original writ of error sued out in the circuit court of appeals has been formally filed in the trial court, even though it was in fact delivered to and lodged with the clerk, the appellate court is without jurisdiction.
2. SAME.
   It is essential to the filing of a writ of error in the trial court that it be indorsed as filed by the clerk. Gilbert, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

Edw. L. Short, Strudwick & Peters, and Stratton, Lewis & Gilman, for plaintiff in error.

Lorenzo S. B. Sawyer, Stanton Warburton, and A. F. Burleigh, for defendant in error.

· Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge.  We are prevented from considering the interesting questions of law arising upon the merits of this case by the fact that the record fails to show that the writ of error sued out herein was filed in the court below.

· It is, among other things, provided by the act of congress creating the circuit courts of appeals, and defining their jurisdiction, that "no appeal or writ of error by which any order, judgment, or decree may be reviewed in the circuit courts of appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed," and that "all provisions of law now in force regulating the methods and system of review through appeals or writs of error shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the circuit courts of appeals, including all provisions for bonds or other securities to be required and taken on such appeals and writs of error."  Act March 3, 1891, § 11 (26 Stat. 826–829).

The writ of error is the writ of the appellate court, and it has long been well settled that it is not brought or sued out, within the meaning of the statute providing that means of reviewing a judgment at law, until it is filed in the court which rendered the judgment.  "It is the filing of the writ that removes the record from the inferior to the appellate court," is the declaration of the supreme court as early as the year 1850, and which has been repeated in numerous cases. Brooks v. Norris, 11 How. 203–207; Mussina v. Cavazos, 6 Wall. 355; Scarborough v. Pargoud, 108 U. S. 567, 2 Sup. Ct. 877; Polleys v. Improvement Co., 113 U. S. 81, 5 Sup. Ct. 369; Credit Co. v. Arkansas Cent. Ry. Co., 128 U. S. 260, 9 Sup. Ct. 107.  See, also, Warner v. Railroad Co., 4 C. C. A. 670, 54 Fed. 920; Stevens v. Clark, 10 C. C. A. 379, 62 Fed. 321.  As the filing of the writ in the court below is essential to the transfer of the jurisdiction of the case from that court to this, it is clear that, until that is done, this court is without jurisdiction to entertain the case.

Upon the writ of error found in the record is this indorsement:

"Received a true copy of the foregoing writ of error for defendant in error. Dated this 14th day of December, 1895.

"A. Reeves Ayres, Clerk of the United States Circuit Court for the Ninth Circuit, District of Washington,

"By R. M. Hopkins, Deputy Clerk."

· This is the only thing in the printed record to indicate that the writ of error ever reached the clerk of the court below, the statement being that the clerk received a copy of the writ "for the defendant in error." This was but the statutory mode of serving the writ on the adverse party, pursuant to the provisions of section 1007 of the Revised Statutes, which reads:

"In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error by lodging a copy thereof for the adverse party in the clerk's office where the record remains

within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation, but if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward with the permission of a justice or judge of the appellate court. And in such cases, where a writ of error may be a supersedeas, executions shall not issue until the expiration of [the said term of sixty] [ten] days."

Such lodgment of a copy of the writ with the clerk for the defendant in error does not do away with or take the place of the essential requirement of filing the writ in the court below, without which the appellate court acquires no jurisdiction of the case. The writ of error, as held by the supreme court in Hodge v. Williams, 22 How. 87, is not mere matter of form, but matter of substance, prescribed by law, and essential to the jurisdiction of the appellate court. That the latter court has no appellate power over the judgment of the trial court unless that judgment is brought up in the manner provided by the act of congress is thoroughly settled. And that the writ here in question was not filed in the court below not only appears from an inspection of the original writ, which has been sent, as it should have been, with the record to this court, but the same fact also appears (although in a negative form) from a certified copy of the law register of the court below, which has been presented and filed on this motion, and from one of the affidavits of the deputy clerk of the court below having charge of the office from which the record comes. In this affidavit, while the deputy clerk states that one of the attorneys for the plaintiff in error filed with him the original writ of error, it is manifest, on reading and considering the entire affidavit, that that was only the affiant's construction of what was done. After stating that one of the attorneys for the plaintiff in error "delivered to and lodged and filed with me" the original writ, with the allowance thereof indorsed thereon by the judge, and at the same time "delivered to and lodged and filed" with him a copy of the writ for the use of the defendant in error, the affidavit proceeds:

"That said original writ of error remained in my office and in my custody from said 14th day of December, 1895, until the 4th day of January, 1896, at which time I transmitted the same, with my return thereto, to this honorable court. That the original citation herein, a copy of which appears on pages 395 and 396 of the printed record herein, was returned to and filed with me by a deputy marshal of the United States for the district of Washington on the 18th day of December, 1895, and the same remained in my office, and in my custody and control, from said date until the same was transmitted to this honorable court, together with the writ of error and return thereto, on the 4th day of January, 1896. It has not been my custom to indorse original citations and writs of error at the time they are filed with or served upon me, for the reason that I have deemed the same as writs of the circuit court of appeals, to be indorsed by the clerk of said court upon his receipt of the same with my return thereto; but, as a matter of fact, the writ of error and citation herein were actually delivered to and filed and lodged with me, as above stated."

It is quite evident, we think, from this affidavit, as well as from the copy of the law register of the court below, that the actual fact is not inconsistent with the record as presented, which fails to show that the writ of error was there filed.

It is urged on behalf of the plaintiff in error that, as the original writ was left or lodged with the clerk, it was, in legal effect, filed in the court; that the indorsement is but the evidence of the filing; and that, as the original writ was, in fact, left or lodged with the clerk, it was as much filed in the court as if it had been indorsed as filed by him.

It may be that in some instances and for some purposes the mere deposit of a paper by a party or his attorney with the clerk of the court, and his receipt thereof, of itself constitutes a "filing." The case of Tregambo v. Mining Co., 57 Cal. 501, relied upon, among others, by the plaintiff in error, presented the question of the entry of the default of the defendant to the suit under these circumstances: The attorneys of the parties to the action resided in Bodie, 20 miles away from the county seat of Mono county, at which place was the office of the clerk of the court. On the 20th of April, 1879, the defendant's attorneys forwarded to the clerk of the court, to be filed, certain demurrers to the complaint, copies of which had been served on the plaintiff's attorneys, together with notice that the demurrers would be called for argument on May 2, 1879. The demurrers were regularly delivered to the clerk of the court on April 29, 1879. He received them without demanding his fees for filing them, but about 6 o'clock p. m. of May 1, 1879, defendant's attorneys received a letter from the clerk, informing them that he demanded payment of his fees for filing the demurrers. On the morning of the 2d of May, defendant's attorneys left Bodie for the county seat, and arrived there the same day about noon. Immediately upon their arrival, they tendered to the clerk his fees, but he refused to receive them, because he was then in the act of entering the defendant's default for not answering. The court said:

"We think the district court should have set aside a default under such circumstances. When the demurrers were placed in the custody of the clerk, he had a legal right to refuse to file them, unless the fees for that service were paid to him. Cal. Codes (Sts. in Force) § 765; Pol. Code Cal. § 4332. But he did not refuse, nor did he demand any fees then or afterwards for filing the demurrers. Three or four days after he received them for filing, he demanded, by letter, '$66, as fees on filing twenty-two demurrers in said case.' But there was no law which allowed $3 as a fee for filing a demurrer. The demand was therefore unauthorized by law. Having failed to demand his fees for filing the demurrers at the time they were delivered to him to be filed, or at any time thereafter, he waived his personal privilege of requiring prepayment. There is no question but that a clerk of a court may waive a right created by statute. Lick v. Madden, 25 Cal. 203. When, therefore, the demurrers were brought and deposited with the clerk for filing, they were, in contemplation of law as to the defendant, on file in the case. A paper in a case is said to be filed when it is delivered to the clerk, and received by him, to be kept with the papers in the cause. Engleman v. State, 2 Ind. 91. Filing a paper consists in presenting it at the proper office, and leaving it there, deposited with the papers in such office. Indorsing it with the time of filing is not a necessary part of filing. Bishop v. Cook, 13 Barb. 326. When filed, it is considered an exhibition of it to the court, and the clerk's office in which it is filed represents the court for that purpose. Lamson v. Falls, 6 Ind. 309."

Burrill's Law Dictionary defines "filing" as follows:

"Delivering the paper (indorsed with the title of the cause and attorney's name) to the clerk of the court in which the action is pending, who marks it

'Filed,' adding the date, and deposits it under the proper head among the papers or files in his office."

Other lexicographers define it thus:

"To file a paper on the part of a party is to place it in the official custody of the clerk. To file on the part of the clerk is to indorse upon the paper the date of its reception, and retain it in his office, subject to inspection by whomsoever it may concern." Webst. Int. Dict.; Burrill, Law Dict.

In the English chancery practice a bill is not deemed filed until it receives the proper indorsement of the clerk. Daniell, Ch. Prac. & Pl. (6th Am. Ed.) *399. In Pinders v. Yager, 29 Iowa, 468, it was held that the filing of a transcript imports more than the mere reception of it into the custody of the clerk; that his indorsement of it is necessary. In Fost. Fed. Prac. (2d Ed.) 598, it is said: "No paper is considered filed unless it has the proper indorsement by the clerk." This, however, is said in treating of the subject of "costs at law and in equity." And so was the court speaking of fees proper to be allowed in the case of Amy v. Shelby Co., 1 Fed. Cas. 817, when it said: "No paper is filed unless it has the proper indorsement of the clerk; merely placing it in the court papers is no filing."

It may be, as already observed, that the indorsement of the clerk may not in all cases be essential to constitute a "filing." The writ of error, however, is the writ of the appellate court, and must be sent up with the record to this court. It does not remain in the lower court, and itself become a part of the files of that court. Unless it is actually filed, and thus becomes a part of the record of the lower court, there would remain in that court no record whatever of such a writ, and nothing to show any transfer of jurisdiction from the trial to the appellate court; and, when it reaches the latter court, it would contain no evidence whatever of the fact essential to confer jurisdiction upon the appellate court.

We are of opinion that, by reason of the failure to file the writ of error in the court below, this court is without jurisdiction of the case. Writ dismissed.

GILBERT, Circuit Judge (dissenting). The decisions of the supreme court, referred to in the opinion of the majority of the court, establish beyond question that it is the filing of the writ that removes the record from the inferior to the appellate court; but I am unable to concur in the view that it is essential to the filing of the writ that the indorsement of that fact be entered thereupon by the clerk.

At common law, the file was a thread or string or wire upon which writs and other papers in courts were fastened and filed for safe-keeping and for ready reference. To file a paper meant to place it upon the string or file where it belonged. The American courts, in interpreting the word "file," or "filing," have uniformly had in view the derivation of the word and its common-law signification; and they have held that a paper is filed when it is delivered to the proper officer, and is by him received to be kept on file, and that it is not the clerical act of indorsing the paper, but the fact

of its receipt by the proper officer or custodian, and its lodgment in his office, that constitutes a filing. They have held, moreover, that, while the indorsement is the best evidence of the fact that a paper has been filed, proof of the filing may be otherwise made. This doctrine has been applied alike to the filing of pleadings and transcripts in courts, and the filing of deeds and mortgages for record. Bishop v. Cook, 13 Barb. 326; Bettison v. Budd, 21 Ark. 578; Gorham v. Summers, 25 Minn. 81; Peterson v. Taylor, 15 Ga. 483; Colchen v. Ninde, 120 Ind. 88, 22 N. E. 94; Hook v. Fenner, 18 Colo. 283, 32 Pac. 614; Harrison v. Clifton, 75 Iowa, 736, 38 N. W. 406; Lessing v. Gilbert (Tex. Civ. App.) 27 S. W. 751; Cook v. Hall, 1 Gilm. 575; Powers v. State, 87 Ind. 144; Reed v. Acton, 120 Mass. 130. The only cases holding otherwise are—First, those in which the statute or rule of court requires that the indorsement be entered upon the paper by the clerk as a part of the filing; and, second, cases in which question has arisen concerning the payment of the clerk's fees for filing, and his right to recover the same has been made to depend upon whether or not he had discharged all of his official duty by making the proper indorsement upon the papers filed by him. Of the first class is the case of Pinders v. Yager, 29 Iowa, 468. Under the rule of the circuit courts of Iowa, the clerk could refuse to file a transcript on appeal from a justice's court unless his fee was paid or secured. It was held that, on his refusal to file for non-payment of his fees, the transcript did not become a record of the court. In a recent decision of the supreme court of that state (Harrison v. Clifton, supra), a case which arose after the abrogation of the rule above referred to, it was held, under section 3584 of the Code (providing that, "upon the return of the justice being filed in the office of the clerk, the cause shall be deemed in the circuit court"), that the deposit of the transcript was a sufficient filing. Of the second class is the case of Amy v. Shelby Co., Fed. Cas. No. 345, which was a contention concerning the proper fees to be allowed to the clerk, the decision of which, I submit, is not pertinent to any question presented in this case. Nor do I deem it an important consideration, in determining what is the effect of simply lodging a writ of error with the clerk of the court below, that unless the writ of error has been indorsed as filed, and an entry thereof made in the docket or the fee book of the clerk of the lower court, no evidence exists in that court after the writ has been returned to indicate the fact that the writ has been sued out. The writ is lodged with the clerk for the purpose of removing the case from the jurisdiction of the lower court. He makes his return to the writ, and sends the original thereof to this court, together with his transcript. If, after indorsing upon such writ the fact that it was filed, the clerk should neglect to make an entry to that effect in his docket or fee book, the jurisdiction of this court would certainly not be affected by such omission, notwithstanding the fact that nothing remained on record in the lower court to indicate that its jurisdiction over the cause had ceased. The appeal could not be dismissed by this court upon the ground that the lower court had before it no record to indicate the fact of the filing of the writ. That fact could, un-

doubtedly, be proven aliunde, if necessary. The return of the writ to this court in the case before us is evidence to us that it has been filed in the court below. Further evidence is afforded in the affidavit of the clerk which has been filed in this court showing that the original writ was delivered to and lodged and filed with the clerk on the date which it bears. This, in my opinion, constitutes sufficient proof of the fact of the filing of the writ in the court below, and gives this court jurisdiction to entertain the same.