[No. 2271]

J. W. LAWSON, APPELLANT, v. HARRY DUNSEATH,
AS JUSTICE OF THE PEACE OF THE TOWNSHIP OF
TONOPAH, COUNTY OF NYE, AND GEORGE L.
BAILEY, RESPONDENTS.

[170 Pac. 19]

1. JUSTICES OF THE PEACE—SERVICE OF SUMMONS—STATUTE.
    Under Rev. Laws, 5732, providing that summons may be
    served by a sheriff or constable of the state or by any other
    person of the age of 21 years or over, not a party to the action,
    personal service upon a nonresident defendant made by a non-
    resident whose affidavit recited that he was over the age of
    18 years was ineffectual, and could not give the justice court
    jurisdiction to render judgment.

APPEAL from Fifth Judicial District Court, Nye County,
*Mark R. Averill*, Judge.

*Certiorari* by J. W. Lawson against Harry Dunseath,
as Justice of the Peace of the Township of Tonopah,
County of Nye, and George L. Bailey. From a judgment
and order dismissing the petition, petitioner appeals.
**Reversed**, and cause remanded, with instructions to
grant the prayer of the petition.

*H. R. Cooke*, for Appellant:

The complaint was never actually filed in the justice's
court, and hence the action was never legally commenced.
The so-called complaint is merely designated a complaint,
sufficient for the purpose had it taken the course pre-
scribed by law. "The court must endorse on the complaint
the date upon which it was filed, and at any time within
one year thereafter the plaintiff may have summons
issued." (Rev. Laws, 5723.) "The word 'must' is manda-
tory." (*People* v. *Thomas*, 66 N. Y. S. 191.) Its imperative
sense is ordinarily the one intended when the word "must"
is employed in a statute. (*West Chicago Co.* v. *Scanlan*,
48 N. E. 149; *Osborn* v. *Lidy*, 37 N. E. 434; *Hemmer* v.
*Hustace*, 3 N. Y. S. 850; *Hodeker* v. *Hodeker*, 56 N. Y. S.
954; *Eaton* v. *Alger*, 57 Barb. 179.)

The word "indorse" has been held to mean "to write
upon the back." (22 Cyc. 496.) Under the plain provi-
sions of the statute (Rev. Laws, 5723), requiring the

justice to endorse on the complaint the date upon which it was filed, there can be no interpretation but that he must do the thing which the statute prescribes.

The summons was not served by a citizen or person over the age of 21 years. The person who served the summons was not affirmatively shown to be either a citizen of the United States or a person of the required age. (Rev. Laws, 5022.)

*H. H. Atkinson,* for Respondents:

The complaint in the justice's court was properly filed and the action legally commenced. "An action in the justice's court is commenced by filing a complaint and the issuance of a summons thereon." (Rev. Laws, 5722.) The statute does not provide that an action is commenced by the filing of a complaint and the indorsement on the complaint of the date of the filing. The requirement of the indorsement is merely a ministerial act. "The court must indorse on the complaint the date upon which it was filed." (Rev. Laws, 5723.) The indorsement is but the evidence that the complaint has been filed, and is not essential to the filing. (*In Re Conant's Estate,* 73 Pac. 1018; *State* v. *Lamb,* 69 N. W. 592; *Manhattan Co.* v. *Laimber,* 15 N. E. 712; *Wilkinson* v. *Elliott,* 23 Pac. 614; *Peterson* v. *Taylor,* 60 Am. Dec. 705.)

The summons was properly and legally served. It is the fact of service, and not the proof thereof, that gives the court jurisdiction. (*Estate of Newman,* 16 Pac. 887.) Jurisdiction over the person of the defendant is acquired by service of summons, and dates from such service. (*Pico* v. *Sunol,* 6 Pac. 295.) Our courts will take judicial notice of the fact that a constable or a sheriff of another jurisdiction is over the age of 21 years. (*Sherwin* v. *Sherwin,* 33 Nev. 331.)

By the Court, McCARRAN, C. J.:

This is an appeal from a judgment and order dismissing a petition for a writ of *certiorari.*

On petition of the appellant, the district court issued

an order to show cause, addressed to Harry Dunseath, justice of the peace of Tonopah township, by which order that officer was required to appear and show cause, if any he had, why the proceedings mentioned and described in the petition for the order should not be quashed, vacated, and set aside, and that the justice of the peace produce before the district court on said hearing the entire original documents, papers, and files pertaining to the proceedings mentioned in the petition or a transcript or true copy thereof, without changes, additions, or corrections, etc. The appeal is based upon three assignments of error. We need determine but one, *i. e.:*

"I. The holding of the lower court that the complaint in the case of *Bailey* v. *Lawson* was actually filed, and said action duly commenced, there being no indorsement upon said complaint as required by law."

It appears that one Bailey had attempted to commence an action in the justice's court of Tonopah township against the appellant, Lawson. The steps taken to commence the action in the justice's court, as disclosed by the return of the justice in response to the order to show cause, appear as follows: An instrument entitled a complaint, on which no file marks or indorsement of any kind appear. The instrument is entitled:

"In the Justice's Court of Tonopah Township, Nye County, Nevada. George L. Bailey, Plaintiff, v. J. W. Lawson, Defendant. Complaint."

The certified copy of the justice's docket filed in the lower court pursuant to the order to show cause, after an entitlement of the case in the same caption as that of the complaint, shows among other things, the following entries:

"Date, 8—23—15. Demand, $271. Date, 8—23—15. Complaint filed. Case docketed. Summons issued."

It is the contention of appellant here under his first assignment of error that, inasmuch as no indorsement appears upon the complaint filed in the justice's court setting forth the date upon which complaint was filed,

no action was commenced in that court as contemplated
by the provisions of our civil practice act.

The manner in which an action is commenced in a
justice's court is governed, controlled, and prescribed,
as we view it, by two sections of our civil practice act.

Section 780 (Rev. Laws, 5722), is as follows:

"An action in a justice's court is commenced by filing
a complaint and the issuance of a summons thereon."

Section 780 (Rev. Laws, 5722), is as follows:

"The court must indorse on the complaint the date
upon which it was filed, and at any time within one year
thereafter the plaintiff may have summons issued."

From these two sections it appears manifest, first, that
an action in a justice's court is commenced when three
affirmative acts have been accomplished by the justice
of the peace, namely: First, the filing of the complaint;
second, the making of an indorsement on the complaint
setting forth the date upon which it was filed; third,
the issuance of a summons signed by the justice. (Rev.
Laws, 5727.)

Section 780 of the civil practice act makes clear that
an action in a justice's court is commenced only when a
complaint is filed and a summons issued. When may a
summons be issued? This query is answered by the
succeeding section (section 781, C. P.). By that section
the issuance of a summons is made directly contingent
upon the second affirmative act required of the justice
of the peace, namely, the indorsement on the complaint
setting forth the date on which it was filed. It is "at
any time within one year thereafter" that "the plaintiff
may have summons issued." The term "thereafter"
refers directly to the act of indorsement, and it is not
until after indorsement of the complaint by the justice
setting forth the date of its filing that summons can be
issued. A complaint unindorsed by the justice as pre-
scribed by this section cannot constitute a basis for the
issuance of a summons, but a complaint when filed and
indorsed as prescribed by sections 780 and 781 may con-
stitute the basis for the issuance of a summons by the

plaintiff at any time within one year after indorsement. It is the contention of respondent, and in that contention he was upheld by the court below, that the issuance of a summons is contingent rather upon the filing of the complaint. The term "filing," as here used, may mean the mere acceptance or receipt of the instrument by the officer. If it were the intention of the legislative body to have the issuance of summons contingent upon the act of filing, that is, contingent upon the mere receipt and acceptance of the complaint by the justice, it would have been a simple matter to have transferred the clause "and at any time within one year thereafter the plaintiff may have summons issued" and attached the same to section 780 rather than to section 781. We must read these sections as we find them. They are mandatory and limiting, in that they prescribe, limit, and fix the manner in which an action may be commenced in the justice's court.

By the term "must," as used in section 781, the act of indorsement by the justice of the peace is made mandatory, and the act of issuance of summons can only follow the performance of this required function. No summons can be issued by the justice until "thereafter." In this instance there being no indorsement upon the complaint setting forth the date upon which it was filed, no summons recognized by our procedure could issue, and the instrument purporting to be a summons in this instance was a nullity. No summons having issued, no action was commenced as prescribed by section 780.

Our practice act prescribes the mode of commencing suits in the justice's courts and lays the foundation for jurisdiction. A summons to have force and effect must issue by virtue of the provisions of the statute, and when it fails in this it fails in everything. (*Dupuy* v. *Shear*, 29 Cal. 238.)

We are referred to the cases of *Hook* v. *Fenner*, 18 Colo. 283, 32 Pac. 614, 36 Am. St. Rep. 277, and *Hilts* v. *Hilts*, 43 Or. 162, 72 Pac. 697. It is contended that these authorities are of assistance in arriving at a conclusion

in this matter. These cases, together with many other authorities that might be cited, are expressive of a rule adhered to by a most eminent line, determinative only of the question as to when an instrument is considered as filed. We say a line of authorities, because courts have differed widely in expressing their views as to the question; and even were such authority applicable here, it would be a matter of very careful investigation before we should align ourselves with any of the diversified contentions.

A consideration of the discussions on the question as to when an instrument is actually filed only serves to lead us away from the vital matter in the case at bar. The question here for determination rather is: When, under our code provision, could summons issue from a justice's court? Does the mere act of filing, assuming that filing is accomplished by delivery alone, constitute the sole and only act precedent to the issuance of summons? In answer to this we can call to our aid no higher authority than the unequivocal language of our statute, and parenthetically let us say, statutes, the manifest meaning of which is clear and unconfused, require no construction.

Section 5722, Revised Laws, says:

"An action in a justice's court is commenced by filing a complaint and the issuance of a summons thereon."

Let us say, for argument's sake, that the mere act of delivery by the plaintiff to the justice constituted filing. Could summons issue from the justice without further affirmative action on his part? The very next section of the code answers this in the negative.

"The court must indorse on the complaint," says section 5723, "* * * and * * * thereafter the plaintiff may have summons issued."

The expression here used by the code makes the issuance of summons a thing that may be performed *in future* (*Ercanbrack* v. *Faris*, 10 Idaho, 584, 79 Pac. 817) determinative by the act of indorsement on the part of the justice. The period of time within which the summons may issue takes its inception in the act of

indorsement by the justice. It is limited to "any time within one year thereafter."

We are referred to the case of *Wilkinson* v. *Elliott*, 43 Kan. 590, 23 Pac. 614, 19 Am. St. Rep. 158. If the case were at all applicable, the expression of the Supreme Court of Kansas found therein might go to reinforce our position here taken. There it was emphatically declared that the handing of the petition to the clerk of a court of record and his mere indorsement thereon was not a sufficient filing to comply with the statute in language as follows:

"When the petition had been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served, or the first publication made, within sixty days after the filing of the petition." (Comp. Laws, 3880; Civil Code, sec. 81.)

The requirements of our statute fixing the manner and prescribing the time within which and designating an act after which summons might issue are, in our judgment, reasonable in conformity with the fact that justice's courts in this state are not courts of record, but, on the contrary, are tribunals the jurisdiction of which depends upon affirmative acts in substantial conformity with the statutory prescription.

The order here appealed from must be reversed for another and equally potential reason. Lawson, who was sought to be made defendant in the proceedings in the justice's court, was a resident of California. An affidavit of nonresidence was filed by the plaintiff in that matter, and an order issued by the justice for service of summons by publication. The plaintiff in the matter sought to make personal service upon the defendant, Lawson. An affidavit of service was made by party, resident of California, in which affidavit he recites as to his being "over the age of 18 years." Section 5732 of our Revised Laws (section 790, C. P.) prescribes:

"Summons may be served by a sheriff or constable

of any of the counties of this state or by any other person of the age of twenty-one years or over, not a party to the action," etc.

Our views in this respect may be expressed in the language of Mr. Justice Talbot in his concurring opinion in the case of *Sherwin* v. *Sherwin,* 33 Nev. 325, 111 Pac. 286, 122 Pac. 481, Ann. Cas. 1914A, 108, where, referring to the identical question, and supporting his conclusion by California decisions pat on the subject (*Maynard* v. *MacCrellish,* 57 Cal. 355; *Horton* v. *Gallardo,* 88 Cal. 581, 26 Pac. 375), he says:

"When the service is made out of the state, it may be proved by affidavit of any person showing that he has served the summons, and that at the time of such service he was a citizen of the United States over 21 years of age."

Service of summons out of the state by one who fails to meet the requirements of our statute in this respect is a useless act. The affidavit here fails to meet the requirement of our statute; hence proof of service was wanting in the justice court, accordingly want of jurisdiction followed, and no valid judgment could flow.

The act of the justice of the peace in entering judgment against appellant where no action had been commenced and where there had been no service of summons was in excess of jurisdiction, and *certiorari* will always lie to review such.

The order and judgment appealed from are reversed. The case is remanded to the trial court, with instructions to that court to issue its order quashing the proceedings in the justice's court pursuant to the prayer of appellant in his petition for writ of *certiorari.*

It is so ordered.

COLEMAN, J., concurring:

I concur in the order reversing the judgment of the trial court, and in that portion of the foregoing opinion relating to the alleged service of summons, but I am

unable to approve of the views expressed relative to the filing of the complaint in the justice's court. As a general proposition, it may be said that a document is filed when deposited with and received by the proper officer for filing, and the necessary fees paid, if demanded. (*Hook* v. *Fenner,* 18 Colo. 283, 32 Pac. 614, 36 Am. St. Rep. 277; *Hilts* v. *Hilts,* 43 Or. 162, 72 Pac. 697; *Wilkinson* v. *Elliott,* 43 Kan. 50, 23 Pac. 614, 19 Am. St. Rep. 158; *Manhattan Co.* v. *Laimbeer,* 108 N. Y. 578, 15 N. E. 712; *Beebe* v. *Morrell,* 76 Mich. 114, 42 N. W. 1119, 15 Am. St. Rep. 288; 19 Cyc. 529.)

I do not think there is anything in section 5723, Revised Laws, justifying a different view. I take it that the language used in the section mentioned, wherein it is provided that the date upon which the complaint "was filed" be indorsed on the complaint, expressly recognizes the filing as an act precedent to the indorsement, and that the word "thereafter," used in the section mentioned, refers to the actual date of filing, and not to the date of the clerical act of making the indorsement upon the complaint.

SANDERS, J., did not participate.