# JOHN L. PFAU

## v.

# PATRICK REYNOLDS.

1. HIGHWAYS—*liability of individuals respecting their safe condition.* Where a person, in preparing to build a house in a city, extended his cellar across the sidewalk, without procuring a license so to do, he was held liable for all damages arising from such unauthorized excavation in the sidewalk, the party receiving injury thereby having exercised reasonable care for his own safety. In such case, the only question is, whether the party injured exercised reasonable care and diligence, without reference to the question whether the excavation was well guarded or not.

2. Even the license of the city would not authorize an individual to make an excavation in a public street, and leave it insufficiently guarded; but where the excavation is made without license, it matters not, as respects the liability of the individual, how well he had guarded it.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

The opinion states the case.

Mr. JACKSON GRIMSHAW and Mr. EDWARD YATES, for the appellant.

A party seeking to recover damages for a loss which has been caused by negligence or misconduct, must show that his own negligence or misconduct has not concurred or contributed in producing the injury. *Aurora Branch R. R. Co.* v. *Grimes,* 13 Ill. 585; *Chicago & Rock Island R. R. Co.* v. *Still,* 19 ib. 499; *Dyer* v. *Talcott,* 16 ib. 300; *C. B. & Q. R. R. Co.* v. *Dewey,* 26 ib. 255; *same* v. *Hazzard,* ib. 373.

A party suing for negligence, must be without fault. *Williams* v. *Holland,* 6 Carr. & Payne, 261; *Pluckwell* v. *Wilson,* 5 ib. 375; *Rathbun* v. *Payne,* 19 Wend. 399; *Brown* v. *Maxwell,* 6 Hill, 593.

Messrs. Wheat & Marcy, for the appellee.

Where the negligence of the plaintiff was slight, compared with the gross negligence of the defendant, a recovery may be had. *Chicago & Alton R. R. Co.* v. *Gretzner*, 46 Ill. 74.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an action brought by Reynolds against Pfau, to recover damages for injuries received in consequence of falling into an excavation made by Pfau in a sidewalk in the city of Quincy. Pfau was preparing to build a house, and in digging his cellar, extended it, without procuring the authority of the city, across the sidewalk. To prevent persons from falling into the the excavation, he built a fence across the sidewalk on each side of the hole, but left the front, along the gutter, unguarded, except by an embankment of earth about eighteen inches high, along the top, or by the side of which, passengers were accustomed to pass. The appellee, passing along the street at night, encountered the fence, and, turning round the end of that, where it crossed the sidewalk, fell into the excavation and was seriously injured. For this the jury allowed him damages, which are not objected to as excessive, and the defendant appealed.

No complaint is made by counsel, of the action of the court in either giving or refusing instructions. It is suggested that the court erred in not permitting certain questions to be answered by one of the witnesses, but they were questions which merely called for the opinion of the witness as to whether the defendant had exercised reasonable care, and were properly excluded. The only question in the case is, whether the plaintiff himself exercised reasonable care and diligence. As the defendant made an excavation in the street without the authority of the city, he must be held responsible for all damages arising therefrom, if the party injured has exercised reasonable care for his own safety. We do not

mean by this that even the license of the city could authorize the plaintiff to make an excavation in a public street, and leave it insufficiently guarded, but in this case, as the excavation was made without license, it is not necessary to consider how well the defendant had guarded it. Whether well or ill guarded, if a passenger fell into it while exercising reasonable care, he would be entitled to recover.

This question in this case was for the determination of the jury, and they have decided it. The inquiry was, whether the plaintiff showed a want of proper care and prudence in keeping to the fence as he turned round its end, and thus falling into the cellar, instead of inferring, from the presence of the fence, that a cellar was being dug, and keeping well out in the street until he should pass it. This is a question about which reasonable men may differ, but it is not a question of law, and an intelligent jury are as competent to decide it as the court. To them the law has entrusted its decision, and we can find no grounds in this record to justify us in setting aside their finding. While we may have some misgivings as to its correctness, we are not able to say their verdict was clearly wrong, and, under the settled rules of the court, we cannot, in such cases, set it aside as unsupported by the evidence.

*Judgment affirmed.*