[No. 642. Decided January 31, 1893.]

WILLIAM H. CARROLL, *Respondent*, v. CENTRALIA WATER COMPANY, *Appellant*.

TRIAL — CROSS EXAMINATION — NEGLIGENCE — PUBLIC HIGHWAY — INSTRUCTIONS — INVADING PROVINCE OF JURY — HARMLESS ERROR.

The character and extent of cross examination rests largely in the discretion of the court, and unless such discretion is abused to the injury of the party complaining, the judgment will not be reversed, although the examination may not be allowed to the extent desired by counsel.

Under. Gen. Stat., § 744, *et seq.*, providing that the roads, streets and alleys of every city as shown by plat thereof filed in the office of the auditor of the county in which such city is located, are public highways, it is unnecessary, in an action for injuries received upon the public highway of a city through the negligence of private parties, to allege and prove the incorporation of such city.

In an action for injuries received from falling into an excavation in an alley, it is immaterial whether the city had ever formally accepted the alley as a public highway and improved it by grading or otherwise.

Although a trial judge should not undertake to tell the jury upon what state of facts defendant would be deemed negligent, yet, having done so and having drawn a correct conclusion from the facts stated, a new trial should not be granted, as no injury has thereby been done to defendant.

Although the instructions of the court may be erroneous, yet where the verdict is unmistakably in accordance with the evidence and consonant with justice, the judgment thereon ought not to be disturbed. (HOYT and STILES, JJ., dissent.)

*Appeal from Superior Court, Lewis County.*

*George E. Rhodes*, and *Tripp, Town, Likens & Dillon*, for appellant.

*A. E. Rice*, and *C. B. Reynolds*, for respondent.

The opinion of the court was delivered by

ANDERS, J. — This action was brought by the respondent, to recover damages for injuries sustained by falling

into an excavation alleged to have been made in a common and public highway, in the city of Centralia, and negligently left open and unguarded by the appellant. Judgment was entered upon the verdict of the jury in favor of the plaintiff, to reverse which the defendant prosecutes this appeal.

It is shown by the evidence in this case, beyond dispute, that the appellant corporation caused a hole about four feet deep and some eighteen or twenty inches in diameter to be dug in an alley running north and south between blocks fifteen and sixteen, in Railroad addition to the city of Centralia, for the purpose of placing therein a telephone pole, and that on the night of March 28, 1891, which was cloudy and dark, it was left uncovered and without any barrier to prevent travelers from falling into it, or anything to warn them of danger.

The respondent lived some distance from the business portion of the town, and at about nine o'clock that night was returning home from the store and butcher shop, where he had purchased some eggs and beefsteak, which he carried in a pail. From the street west of the blocks mentioned to the alley the land was level and unenclosed, and the respondent passed over this vacant space and into the alley, where he stepped into the hole dug by appellant, and fell forward and severely injured the joint of his left knee. He was well acquainted with the premises where the accident happened, and had been accustomed to go that way in passing to and from his home for fifteen or eighteen months previously, but had no knowledge of the existence of the excavation until he fell into it. Other persons, and especially those living in that part of town, frequently passed and repassed at the same place.

No claim is made by appellant that the damages awarded by the jury are excessive, but the appellant contends that the court committed prejudicial error in curtailing the

cross examination of the plaintiff, in denying appellant's motion for a non-suit, in holding that the plaintiff had proved that the city of Centralia was incorporated, and in charging the jury upon the law applicable to the case.

As to the cross examination of plaintiff, we fail to perceive how the appellant was prejudiced by the action of the court in not permitting, on its own motion, the questions "how much beef steak" the witness had purchased while down town that evening, and "how were you carrying them" (referring to the eggs and beef steak), to be answered, in view of the fact that the witness had already testified that he was carrying "two dozen eggs in a tin pail and two pounds of beef steak" at the time the accident occurred. While a party has a perfect right to freely and fully cross examine the witnesses of his adversary upon all material matters brought out on the examination in chief, still the character and extent of such examination rest largely in the sound discretion of the court, and, unless such discretion is abused to the injury of the party complaining, the judgment will not be reversed, even although the examination is not allowed to be carried to the extent desired by counsel. We think the cross examination in this instance was not unduly restricted as to any of the points mentioned in the brief of appellant. The manner in which the witness was traveling, what he was carrying, the condition and character of the surface of the ground, and whether or not the witness was walking in a well defined path at the time he received the injury complained of, were questions to which the cross examination was directed, and upon which the witness testified fairly and freely, and without any apparent endeavor to conceal the facts.

The complaint alleged that the excavation into which the plaintiff fell was in a common and public highway and "within the corporate limits of the city of Centralia."

And the court held that the plat of Railroad addition to the city, which was introduced in evidence, and which was of record in the office of the county auditor, and on which the alley was shown in which it was alleged that the excavation was made by defendant, was sufficient proof of the allegation of the complaint. The material question was not whether the city of Centralia was, in fact, incorporated, but whether the place described was a public highway, and the plat was competent evidence to prove that fact. In every city or town which has been surveyed and platted, and a plat thereof showing the roads, streets and alleys has been filed in the office of the auditor of the county in which such city or town is located, the roads, streets and alleys as shown by such plat are made public highways by statute. See Gen. Stat., §§ 744, 745, 746, 755. It follows, therefore, that the alley between blocks 15 and 16 of Railroad addition to the city of Centralia, as shown by the plat, was and is a public highway over which all persons have a right at any and all times to pass; and the court would have been justified in so charging the jury. Moreover, the alley must have been within the jurisdiction of the city, else the appellant would not have attempted to justify its action in digging the hole, as it did, by introducing in evidence a resolution of the city council authorizing it to place its telephone poles in the streets and alleys. It would seem, therefore, that the fact, if it be a fact, that the court deemed the evidence sufficient to prove the incorporation of the city, in no way affected the rights of appellant.

The objection to the ruling of the court on the defendant's motion for a non-suit cannot be sustained. The argument of the learned counsel for appellant upon this point is, that there was no proof showing, or tending to show, that the path traveled by the respondent was a highway or street, and, therefore, no proof of negligence on the part of appellant. But the difficulty with the argument is,

that it was of no consequence whether there was or was not a street or highway across the vacant block over which the respondent passed before reaching the alley, for it was in the alley, a place where the respondent had a right to be, that the act constituting negligence was alleged to have been committed, and, as we have already seen, the alley was a public highway. Nor was it material, so far as appellant's liability is concerned, whether the city had ever formally accepted it as a public highway and improved it by grading or otherwise. *Beck v. Carter*, 68 N. Y. 283.

The next objection relates to the judge's charge to the jury. It is contended that in stating to the jury that certain facts if proved established negligence, or want of ordinary care, the court took the question of negligence from their consideration; and, further, that the court's instruction as to the meaning of contributory negligence and the rules of law governing that question were misleading and erroneous, and that the jury were not given any proper rule or direction by which they were to be governed in the assessment of damages.

We quite agree with the view of appellant that negligence is, under almost all circumstances, a question of fact for the determination of the jury, and we may concede that that question should have been unequivocally left to the jury to determine. But upon the facts established by the evidence in the record, it does not necessarily follow that the action of the court in that regard is a sufficient ground for a reversal of the judgment.

It can scarcely be denied that the digging of a deep pit in a highway, in a town or city, and leaving it uncovered and unguarded at night, with nothing to protect or warn travelers, is negligence. In *Sexton v. Zett*, 44 N. Y. 430, it was held that proof of the fact that defendant dug a ditch across a public sidewalk and allowed it to remain

open, in the night time, with no provision for warning or protecting travelers, established negligence as matter of law, and that a refusal to submit the question to the jury was not error. See also 2 Shearman and Redfield on Negligence, § 715. Such excavations are nuisances. *Beck v. Carter, supra;* Elliott on Roads and Streets, pp. 483, 487. And a license from the city in such cases is no protection against liability to persons injured while exercising ordinary care and diligence. *Pfau v. Reynolds,* 53 Ill. 212; 2 Shearman and Redfield on Negligence, § 360; *Sexton v. Zett, supra.*

Assuming that the trial judge should not have undertaken to tell the jury upon what state of facts appellant would be deemed negligent, yet, having done so, and, according to the foregoing authorities, having drawn a correct conclusion from the facts stated, a new trial should not be granted on that ground, for the reason that no injury could result therefrom. Thompson, Charging the Jury, pp. 160, 161. And, besides, the appellant is hardly in a position to justly criticise the court for stating what facts would establish negligence on the part of the appellant, because, at its request, the court also instructed the jury that if they found certain facts established by the evidence, then the defendant (appellant) would not be guilty of negligence. If it is error to say that particular facts in a given case do constitute negligence, it is equally erroneous to state what facts do not establish it.

We will not now stop to discuss the objections of appellant to the instruction of the court upon the question of contributory negligence and that of the measure of damages, but simply remark that the former is obscure and the latter incomplete and inaccurate, but that it does not appear that the jury were thereby misled.

The ultimate fact for us to determine is, whether the

jury arrived at a correct conclusion.   And we think they did, and that complete justice has been done in this case. There is no conflict in the testimony on the material questions in issue.   And the verdict is unmistakably in accordance with the evidence and consonant with justice, and ought not, therefore, to be set aside and the judgment rendered thereon reversed on account of erroneous instructions by the court.   *Harris v. Doe*, 4 Blackf. 370; *Wood v. Wylds*, 11 Ark. 754; *Terhune v. Dever*, 36 Ga. 648; *Depeyster v. Columbian Ins. Co.*, 2 Caines, 85; *Branch v. Doane*, 17 Conn. 403.

It is clearly and indisputably shown by the evidence that the injuries received by the respondent were of an exceedingly painful character.   The ligaments of the joint were so sprained that his knee became swollen and inflamed to such an extent as to cause great and constant suffering for several days.   He was entirely incapacitated from labor for six weeks, thereby losing his ordinary earnings of two dollars per day during that time, besides the physician's bill, which was ten dollars.   At the time of the trial, some ten months after the injury was received, he was lame, and his knee joint was stiff and much weaker than formerly, and, according to the testimony of the attending physician, the chances are that it will permanently so remain.   And all these things resulted solely, according to the evidence, from the negligent conduct of the appellant.   Upon this state of facts the jury returned the following verdict:

"We, the jury in the above entitled cause, do find for the plaintiff, and assess the amount of his recovery at the sum of $85 for loss of time and doctor's fees, and the sum of $600 as damages for injuries sustained."

This verdict shows on its face that the jury not only comprehended the evidence in the case, but also the law applicable to the assessment of damages.   Its language precludes the idea that punitive damages were given, and

demonstrates that the jury were not misled by a mistaken view of the law.

The judgment of the court below is affirmed.

DUNBAR, C. J., and SCOTT, J., concur.

HOYT, J. (*dissenting*).—The opinion of the majority of the court seems to lay down the rule that however errone- ous may be the instructions given by a court to a jury, the judgment will not on that account be reversed here if under all the circumstances of the case this court is of the opinion that the damages recovered were not excessive. In other words, it seems to be held that such erroneous instructions will not reverse the cause unless it affirma- tively appears from the record that the appellant has been injured by such instructions. I am unable to agree to such proposition. As I understand the rule in regard to such matters, it is that material error in ruling upon a question of law during the progress of the trial or in in- structions given to the jury will entitle the party against whom such ruling is made to a reversal of the judgment unless it affirmatively appears from the record beyond any reasonable controversy that the error committed by the court could not have affected the verdict rendered by the jury or the judgment of the court. That where, as in this case, it is conceded that the instruction of the court as to the measure of damages was incorrect, the fact that even with such erroneous instruction the jury did not render a larger verdict than under all the proofs this court thinks the plaintiff entitled to, would in no manner establish the fact that the appellant had not in fact been injured by such er- roneous instruction. The jury is the body that is to deter- mine the amount of damages, and not this court. And this court can with no more propriety refuse to reverse a case under such circumstances because the verdict does not seem to it to have been larger than it should have been

had proper instructions been given, than it could reverse a. case where no error of law was found, for the simple reason that the verdict was somewhat larger than under the circumstances disclosed by the record it would have found the party to be entitled to.

In my opinion there are other errors in the record, but no good purpose would be subserved by a discussion thereof here.    I think the judgment should have been reversed, and a new trial had.

Stiles, J., concurs.