## Wheeler & Wilson Manufacturing Co. v. Margaret Barrett.

1. EVIDENCE—*Order of Introduction of.*—It is proper to refuse to allow a party to introduce evidence during the cross-examination of a witness for the adverse party.

2. CONTRACTS—*Execution of—Identification of Parties.*—At the conclusion of negotiations for the sale of a sewing machine the purchaser authorized her daughter to execute a written instrument in regard to the machine. In a suit regarding the machine the vendor produced a paper purporting to be signed by the husband of the vendee, claiming that it was the paper signed by her daughter by her direction. *Held*, that the paper could not be regarded as the contract of the vendee.

3. DAMAGES—*$1,500 Excessive, for Taking Property Worth $60.*—In the case of an unwarranted bringing of an action of replevin, and a seizure thereunder of a sewing machine which originally cost $60, and had been in use nearly three years, followed by a voluntary dismissal of the replevin suit, an award of $1,500 damages is excessive.

4. ESTOPPEL—*By Words or Conduct.*—When one by his words or conduct willfully causes another to believe the existence of a state of things, and induces him to act on the belief so as to alter his previous position, the former is precluded from averring against the latter a different state of things as existing at the same time.

Trespass on the Case, for a wrongful taking of property under a writ of replevin. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1897. Affirmed if remittitur be entered, otherwise reversed and remanded. Opinion filed April 15, 1897. Rehearing denied. Opinion filed May 20, 1897.

### STATEMENT OF THE CASE.

This was an action of trespass on the case brought by appellee against the appellant. The declaration consists of

one count, which alleges that the plaintiff was the lawful owner and possessed of one Wheeler & Wilson sewing machine number 13,689, of the value of $75; that the defendant wrongfully, willfully and maliciously, and without any reasonable or probable cause, instituted a replevin suit against the plaintiff, and under and by virtue of the writ issued therein, took said machine from the plaintiff, and afterward on its own motion, dismissed said suit.    The defendant pleaded the general issue.    On the trial a verdict for $1,500 was rendered in favor of the plaintiff, and judgment was entered thereon.

It appears from the evidence of the plaintiff, that on the first day of June, 1888, one Gleason, the defendant's agent, took a new Wheeler & Wilson sewing machine to the plaintiff's house, and negotiated with her, in the presence of her daughter and Mrs. Seaman, for the sale of the machine, and the acceptance from the plaintiff, at a valuation of $12.50, of two old machines in part payment for the new machine. At the conclusion of the negotiations the plaintiff authorized her daughter to execute a written instrument in regard to the machine which she bought.

D. F. Flannery, attorney for appellant.

Geo. E. Swaetz, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

Upon the trial of this cause in the court below, the defendant, during the cross-examination of the plaintiff, produced a paper purporting to be signed by Michael Barrett, concerning which the plaintiff testified as before set forth.    The defendant then moved to exclude all the evidence given by the plaintiffs as to what took place when the negotiations for the sale of the machine were had.

The court properly refused to sustain such motion.    The testimony was that she, not Michael Barrett, bought the machine, and that a paper was signed by her daughter, by

her direction, relative to the machine she bought; not that the contract of sale or that any contract was signed.

The defendant then offered the paper in evidence. The court properly declined to admit it, as at that time the cross-examination of the plaintiff was going on. Thompson on Trials, Sec. 434; Queen's Case, 2 Brod. & Bing., p. 288, 6 E. C. L. 149.

The paper so offered is as follows:

"Wheeler & Wilson Manufacturing Co.

185 and 187 Wabash Ave., Chicago.
$60.　　　　　　　　　　　　　June 1st, 1888.

Received of the Wheeler & Wilson Manufacturing Company, one Wheeler & Wilson sewing machine, style No. 9, D. A. A., Plate No. 13,689, with its parts, as follows: 1 hemmer, 1 doz. needles, 1 quilting gauge, 1 tuck gauge, 1 ordinary glass, 1 tucking glass, 1 corder glass, 1 braider glass, 4 bobbins, 1 needle wrench, 1 emery wheel, 1 black wrench, 1 oil can, 1 screw driver, 1 thumb screw, 1 throat plate.

To be returned to them on demand, and until such demand I agree to pay them, for the use thereof, ten dollars in hand, and five dollars per month while I keep the same; payable at the office of the Wheeler & Wilson Mfg. Co., 185 and 187 Wabash Ave., Chicago, Illinois, on the same day of each month following the above date, and agree to take good care of the same while in my custody, and not to remove it from my residence, No. 303 S. Halsted street, without their written consent first had and obtained.

No one is authorized to make any contract or verbal promise differing from that written and printed on the face of this lease.　　　　　　　　　　　Michael Barrett.

Read the above and below before signing.

Any promise or agreement made by any one different from that written or printed in this lease will not be recognized.

Wheeler & Wilson Mfg. Co.

Witness, M. J. Gleason."

On the back of which were the following indorsements:

June 7, 1888, first payment O. M. $10; September 4, 1888, $5; October 3, 1888, $3; February 20, 1889. $3; March 27, 1889, $2; April 23, 1889, $2.50; May 29, 1889, $2; August 14, 1889, $2; September 18, 1889, $2; February 4, 1890, $2; March 12, 1890, $1.50; April 24, 1890, $2; June 5, 1890, $2; August 7, 1890, $3; October 2, 1890, $2; November 22, 1890, $1; April 21, 1891, $1.

The defendant did not again offer this paper, and no other evidence was offered by the defendant; as a consequence, neither this paper nor any evidence on the part of the defendant was given to the jury.

As the case, when submitted, stood, it appeared that the defendant had sold to the plaintiff a sewing machine; after it had been fully paid, it had instituted an action of replevin, taken the machine from the plaintiff, and then dismissed its suit without an attempt to sustain the same. The plaintiff was entitled to recover.

The damages awarded are excessive. It is a case, merely, of an unwarranted bringing of an action for replevin, a seizure thereunder of a sewing machine which originally cost $60, and had been in use nearly three years; followed by a voluntary dismissal of the replevin suit, a proceeding which Sec. 26 of Chapter 119, entitled "Replevin," seems to encourage. It is not a case of a seizure without process of law, as was the case of Singer Co. v. Holdfoot, 86 Ill. 455.

We think that $300 is as much as ought to be allowed in a case of this kind. If appellee remits to that sum within ten days, judgment will be affirmed for that amount; otherwise the judgment of the Circuit Court will be reversed and the cause remanded. In either case, at the cost of the appellee.

Mr. Justice Waterman upon petition for rehearing.

Appellant, in the petition for rehearing by it filed, says that this court holds that the written contract was the contract of Michael Barrett, and therefore did not preclude oral testimony by appellee.

This is a misapprehension. We are not of the opinion that a written contract was made by Michael Barrett, or by any one else. It is true that the name of Michael Barrett was signed by the direction of appellee to an instrument that, if signed by him, would have been his contract; but as there is neither evidence nor pretense that Michael Barrett either signed the instrument or authorized any one to affix his name thereto, or has in any way made himself a party to the same, it certainly is not his contract. Neither was it a written contract by appellee.

The rule of law is clear that where one by his words or conduct, willfully causes another to believe the existence of a state of things, and induces him to act on the belief so as to alter his own previous position, the former is precluded from averring against the latter a different state of things as existing at the same time. Pickard v. Sears, 6 Adolphus & Ellis, 469; Hefner v. Van Dolah, 57 Ill. 520.

In the present case appellee did nothing to induce appellant to believe the existence of a state of things different from the real facts. She did not pretend that she had any authority to sign the name of Michael Barrett to a contract, or to authorize any one else to make such signature, or in any way or wise to make him a party to the alleged contract. She in no way deceived appellant; it knew that the name of Michael Barrett was not that of appellee or her daughter, and must have understood, when it took this instrument so signed, that it had no written contract whatever, for it was in no way deceived. The question is not whether this paper memorandum might have been used for the purpose of ascertaining what the real contract between appellee and appellant was, but whether it is itself a written contract between them, so that all oral testimony as to what was said prior to the signing of such instrument is to be excluded. Appellant attempted to make use of it for such purpose, and not as an adjunct to the oral testimony to determine what the real agreement was. That it is not a written contract between appellant and appellee was apparent so soon as it was presented to the court below; it did

not purport to be a contract by appellee. There was no pretense that appellant thought that the named signed thereto was that of appellee, or that appellee as an agent of Michael Barrett had a right to make a contract for him, and to sign his name to the instrument in question.

If appellee had in any way deceived appellant, a different question would be presented.

The petition for rehearing is denied.