### Gottfried Gorenflo et al., Appellees, v. L. P. George and James P. Woodside, Appellants.

REPLEVIN—*when defendant estopped to deny possession.* One who pretends to have levied a distress warrant upon a field of corn is thereby estopped, in an action of replevin to recover such corn, from denying having taken possession thereof, and this notwithstanding the levy may not have been made in strict conformity with law,—no rights of third parties being involved.

Replevin. Appeal from the Circuit Court of Christian county;

the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

FRANK P. DRENNAN, JAMES A. TAYLOR and LESLIE J. TAYLOR, for appellants.

J. C. and W. B. McBRIDE, for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in replevin by appellees against appellants. The declaration consists of the *cepit* and *detinet* counts, to which the defendants pleaded *non cepit* and *non detinet*. Judgment was rendered upon the verdict of the jury in favor of appellees.

The evidence discloses that appellees were tenants of appellant Woodside, who caused a distress warrant to be placed in the hands of appellant George, a constable, to execute. George went to a field where Gorenflo was husking corn, and read the warrant to him, whereupon Gorenflo inquired whether that meant for him to quit gathering the corn, to which George replied that it meant he must quit. George then endorsed upon the warrant a return reciting that he had in behalf of Woodside distrained upon the corn in the field and that in a neighboring crib. No custodian of the property was appointed, nor were any notices of the levy posted. The property was afterwards replevied by appellees.

It was insisted that the acts of George were not sufficient to constitute a valid levy, and that appellant Woodside was neither in the actual nor constructive possession of the property at the time the present suit was instituted. The endorsement of George upon the distress warrant, and the return of the same into court, was sufficient to estop Woodside to deny that he by his agent had taken possession of the property in controversy. No rights of third parties were involved. In serving the warrant George, although an officer, was acting but as the agent of Woodside. Alwood v. Mans-

field, 33 Ill. 452. Notwithstanding the levy may not have been in fact such as is required by law, appellants by their acts induced appellees to believe that a levy had been made. The rule that where a person by his conduct induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped as against the latter to deny that such state of facts does in truth exist, is therefore applicable. 16 Cyc. 680; Vail v. Insurance Co., 92 Ill. App. 655; S. C. 192 Ill. 567; Hefner v. Vandolah, 57 Ill. 520; Wheeler v. Barrett, 70 Ill. App. 222.

The evidence discloses that no rent was due to Woodside at the time the distress warrant was issued. The levy of the same therefore constituted an unlawful taking of the property, and no demand was necessary before bringing suit. The judgment of the Circuit Court is affirmed.

*Affirmed.*