## Edward Hauk, Appellee, v. Peoria Railway Company, Appellant.

### Gen. No. 5288.

1. CONTRIBUTORY NEGLIGENCE—*when person crossing tracks guilty of.* A person 33 years of age, of ordinary intelligence, familiar with the locality, who seeks to cross railway tracks diagonally, knowing at the time that cars were operating up and down the street upon which such tracks were located, *held*, under the evidence in this case, guilty of contributory negligence.

2. EVIDENCE—*effect of positive and negative.* Positive evidence as to the fact that a bell was rung or a whistle sounded, or any other fact, not improper in itself, is entitled to more weight than negative evidence in relation to such facts.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding. Heard in this court at the October term, 1909. Reversed wth finding of facts. Opinion filed March 11, 1910.

PINKNEY & MCROBERTS, for appellant.

DAILEY & MILLER, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellant, the Peoria Railway Company, operates as a part of its railway system in the city of Peoria, a double track electric street railway line on Hamilton street from Jefferson avenue to Monroe street, a dis-tance of two blocks. Hamilton street runs in a direc-tion substantially east and west intersecting Jeffer-son avenue on the east and Monroe street on the west at right angles. At Jefferson avenue the tracks run from Hamilton street to Jefferson avenue and thence southerly to other portions of the city. At the inter-section of Hamilton street with Monroe street, the tracks run in a northerly direction. On August 3, 1908, appellee, who had been for a number of years en-

gaged in driving a truck and baggage wagon between hotels and depots, drove his team and wagon out of a public alley in the rear of a hotel on to Hamilton street and then in an easterly direction for fifteen or twenty feet on appellant's up track, at which point he pulled his team and wagon across the down track, and a car operating down Hamilton street towards Jefferson avenue struck the end gate which was hanging down in the rear of the wagon, and appellee brought this suit to recover damages for injuries claimed to have been thereby sustained. The declaration contained three counts. The first count charged that appellant, through its servants, negligently drove the car at a high and dangerous rate of speed. The second count charged that appellant's servants failed to ring a bell or sound a gong on the approaching car within one hundred feet of the intersection of Hamilton street and Jefferson avenue, as required by a city ordinance. The third count charged appellant's failure to stop the car on the first appearance of danger, as required by an ordinance of the city. Each count alleged that appellee was in the exercise of due care for his own safety when injured and that he was injured because of the negligence charged in the various counts. There was a trial and verdict and a judgment for appellee for $1,000, and the company appeals.

Appellee testified that when the car struck the wagon he was sitting on the seat with the lines in his hand, one foot was back of him, and that he did not leave his seat. Other witnesses testified he was standing up in the wagon back of the seat. He stated that he received quite a blow; that his back was hurt in the center and twisted; that his shoulders were jerked out of place, "pretty near;" that he had not had the use of them since; that the board on the seat struck him across the hips and fractured his hips and joints; that his neck seemed to be cracked; that he could not hear out of one ear; that his neck was injured and he could not twist his head.

Appellee was thirty-three years old, of ordinary intelligence, and was familiar with the locality, having driven a baggage wagon thereabouts for ten years. He undertook to cross both tracks diagonally, when he knew, according to his own testimony, that cars were operating up and down this street every few minutes. He testified that when he started to cross the tracks, he looked back and there was no car in sight. The place where the car turned on to Hamilton street was a block and a half back of him and he said his mules were going on a trot. The car, therefore, must have been in sight when he says he looked back. He either did not look back at all or else he looked back and saw the car coming and thought he could get across ahead of it or that he could force the motorman to stop. "The law will not tolerate the absurdity of allowing a person to testify that he looked, but did not see the train, when the view was unobstructed, and where, if he had properly exercised his sight, he must have seen it." Chicago, Peoria & St. Louis Ry. Co. v. DeFreitas, 109 Ill. App. 104; Chicago, Rock Island & Pacific Ry. Co. v. Jones, 135 Ill. App. 380. If he looked and saw the car coming and drove upon the track with the intention of compelling the car to stop, then he was guilty of contributory negligence. "If teamsters generally, may drive across street car tracks between street intersections, knowing that a collision will be inevitable unless a car is stopped, and intending to take precedence over the car and compel those in charge of the car to stop it, the rights of a street car company on its track and of the general traveling public would be invaded and practically destroyed. (North Chicago Electric Railway Co. v. Peuser, 190 Ill. 67.) The law does not permit one in such a place to drive in the path of a moving car, relying upon those in charge of the car to stop it and protect him from injury." Chicago Union Trac. Co. v. Jacobson, 217 Ill. 404. Other people who did not even look knew the car was coming. Three

women engaged in conversation in the bath room of a dwelling house, who testified for appellee, stated that they knew that the car was coming. If appellee drove across these tracks without looking back, knowing as he did the frequency with which cars ran there, he was guilty of contributory negligence.

The proof shows conclusively that he was not thrown from the wagon; that after the collision he got off the wagon and went back and took the number of the car and swore at the conductor, and then went forward to his mules and found only a neck-yoke strap broken; and that he did not consult a physician until seven days later and that the physician found no evidence of injury except a little bruise on the back, aside from subjective symptoms based on appellee's self-serving declarations. Appellee testified that when he first saw the car it was about ten feet away from him and was running about ten miles per hour. Four witnesses testified for appellant that it was running down Hamilton street about five miles per hour. The motorman testified that when appellee started across the track the car was going two or three miles per hour, and that when it hit the wagon, about one mile per hour. One witness testified that, at the time it struck the rig, it was almost at a stop. No mark was made on the car and the preponderance of the evidence is to the effect that the only injury to the rig or team was the breaking of the pole strap. It is clear that the car was not running at a high and dangerous rate of speed when it approached appellee's wagon; therefore the negligence charged in the first count was not proven. Appellee testified that the bell did not ring and a number of witnesses testified for him that they did not hear it ring. Their testimony was only negative. The conductor, the motorman and the only passenger on the car, testified that the motorman commenced to ring the bell before he came to the alley and kept ringing it until the car struck the wagon. Their testimony was positive. "The rule as

laid down by the courts in this state is that positive evidence as to the fact that a bell was rung, or a whistle sounded, or any other fact not improbable in itself, is entitled to more weight than negative evidence in relation to such facts. Chicago & Alton Railroad Company v. Gretzner, 46 Ill. 83; C. B. & Q. R. R. Co. v. Stumps, 55 Ill. 367; C. R. I. & P. R. R. Co. v. Still, 19 Ill. 499.'' Chicago, Rock Island & Pacific Railway Company v. Jones, *supra*. When the motorman saw appellee and his team was just stepping on the up going track, he rang his bell, threw off his power and pulled up on his brake. As he rang his bell, appellee swung his team and started down the opposite track. The motorman then released his brake and started his car and got within ten feet of the wagon when appellee swung in front of the car and pulled his team diagonally across the track. The motorman then put on his brake again and pulled his reverse. It is, therefore, apparent the appellant's servant in charge of the operation of the car used all the means and appliances within his command to prevent the collision. From this it is plain that appellant was not guilty of the negligence charged in the second and third counts of the declaration.

There is nothing in the evidence to show that the accident was of such a nature as would naturally cause serious injuries to appellee nor does the evidence justify the conclusion that he suffered serious injuries as a result of it. He did afterward go to the hospital and complained of certain ailments, but we do not think the conclusion warranted that they were caused by this car, when it had nearly stopped.

The evidence failing to show any liability on the part of appellant, the judgment will be reversed.

*Reversed.*

Finding of facts, to be incorporated in the judgment: We find that appellee was guilty of negligence which contributed to the injury, and that appellant was not guilty of negligence.