William McEniry, Appellant, *vs.* The Tri-City Railway Company, Appellee.

*Opinion filed April 18, 1912.*

1. Appeals and Errors—*Supreme Court will not pass upon the constitutionality of a statute unless its validity is necessarily involved.* The Supreme Court will not pass upon the constitutionality of a statute unless the validity of the statute is necessarily involved and a decision of the question is material to the determination of the issues involved.

2. Same—*when the question of constitutionality of statute is not involved.* Where the plaintiff in an action for damages for injury to his automobile by a car of a street railway company relies in his declaration upon the validity of the ordinance granting the street railway company its rights, he cannot base his right to appeal directly to the Supreme Court from an adverse judgment upon the ground that the ordinance is invalid because passed under the authority of a statute which it is claimed is unconstitutional.

3. Nuisances—*what is essential to warrant recovery of damages upon ground that street railway is a nuisance.* To warrant a recovery of damages for injury to property by a car of a street railway company upon the ground that the operation of the railway in the street is a public nuisance because there is no lawful authority therefor, the plaintiff must allege and prove that the operation of the line is unlawful, that he has sustained a special injury and that he was free from contributory negligence.

Appeal from the County Court of Rock Island county; the Hon. R. W. Olmsted, Judge, presiding.

William McEniry, *pro se.*

Searle & Marshall, for appellee.

Mr. Justice Vickers delivered the opinion of the court:

William McEniry brought an action on the case in the county court of Rock Island county against the Tri-City Railway Company for damages caused to his automobile, resulting from a collision with a street car in the city of Rock Island where Seventh street intersects Twenty-first street. In the county court there was a finding for the defendant below and a judgment against plaintiff for costs. Plaintiff below has appealed direct to this court.

The declaration is in three counts. The first count alleges that the defendant so carelessly and improperly drove and managed the electric car that through the negligence and improper management and unskillfulness of the defendant, by its servants, the electric car ran into and struck the automobile with great force and violence, and thereby damaged said automobile to the extent of $1000. The second and third counts set out an ordinance of the city of Rock Island granting to the Tri-City Railway Company, its successors and assigns, the right and authority to construct, maintain and operate a single or double track electric street railway for the period of twenty years upon certain designated streets, among others Twenty-first street, and alleges that the accident was the result of the violation by the street railway company of section 8 of said ordinance, which limited the speed of cars to twelve miles per hour, alleging that the car in question was being run at the unlawful rate of thirty miles per hour. This count avers the acceptance by the street railway company of the said ordinance and that the same was in force and binding upon said company.

Appellee has made a motion to transfer this cause to the Appellate Court for the Second District, based on the ground that this court has no jurisdiction of the case. This

motion was taken with the case and has been argued by counsel for both parties in their briefs.

Appellee is incorporated under the laws of the State of Iowa and operates a street railway in the city of Davenport, which is on the Iowa bank of the Mississippi river opposite the city of Rock Island, in this State. There is a bridge across the river, extending from Davenport to Rock Island, and appellee operates a line of street cars over said bridge and into the cities of Rock Island and Moline. Appellant's contention is that a foreign corporation cannot be authorized to operate a street railway in this State, and that section 7 of chapter 131a of Hurd's Statutes of 1909, and the said ordinance set out in the declaration purporting to grant appellee a franchise in the streets of Rock Island, are unconstitutional and void, and that the questions thus raised give this court jurisdiction. If a constitutional question is involved and its decision is necessary to the determination of the issues presented, of course the appeal is properly brought to this court. The section of the statute the constitutionality of which is supposed to be involved, provides that any company, domestic or foreign, owning or controlling a license to use a bridge spanning a stream flowing between any city in this State and any city in an adjoining State, or any bridge connecting such cities, towns or villages, may lease, own, use, construct and operate a street railway over and upon such bridge or bridges and in cities, towns or villages in counties in which such bridge or bridges may be situated, and may acquire stock in and guarantee bonds of any company operating such street railway or railways, provided that none of the rights or privileges thereby conferred shall be exercised without the consent of the corporate authorities of such city or village, and provided, also, that such foreign corporation shall be subject to all liabilities, restrictions and duties that are imposed upon corporations organized under the general laws of this

State for the purpose of constructing and operating street railroads, and shall have no other and greater powers.

The act of the legislature of which section 7 is a part was passed in 1903 and went into effect on July 1 of that year. The ordinance of August 30, 1903, was manifestly passed in pursuance of section 7, above referred to, of the act of 1903, and was designed to give the assent of the city to appellee to operate a street railway in certain of its streets. The construction and operation of a railroad upon a street without authority is a public nuisance. (Elliott on Roads and Streets, sec. 802, and authorities there cited.) The law is, that one who suffers some special damage different in kind, and not merely in degree or extent, from the damages sustained by the public in general, and who is himself free from contributory negligence, may maintain a private action for such special damages. (*Swain & Son* v. *Chicago, Burlington and Quincy Railroad Co.* 252 Ill. 622.) One who is specially injured, either in person or property, by reason of a public nuisance in a street or highway must himself be free from contributory negligence. (29 Cyc. 1260, and cases there cited; see, also, *Pfau* v. *Reynolds,* 53 Ill. 212.) He is not relieved of his duty in this regard by the fact that his injury resulted from a known public nuisance. The erection and maintenance of an unlawful obstruction in a public street or highway is *per se* an actionable wrong which may be abated by indictment, (Elliott on Roads and Streets, sec. 814,) or by information in chancery filed by the Attorney General or State's attorney in the name of the people, or by bill brought by the municipality. (*Doane* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510.) Such a nuisance may also under some circumstances sustain a private action for special damages to an individual in which the unlawful character of the obstruction would form the basis of the action. In such case the injured party would be required to allege and prove the unlawful character of the obstruction, and this fact, coupled with proof of

special injury and freedom from contributory negligence on the part of the plaintiff, would warrant a recovery.

Appellant seeks to invoke the application of the rules above announced to show the materiality of appellee's right to operate a street railway in the city of Rock Island. The difficulty that appellant encounters is the fact that his declaration is not framed on the theory that appellee was operating a street railway without authority of law. His whole case is predicated upon the assumption that appellee was rightfully using the streets of the city under an ordinance which he sets out in the second and third counts of his declaration, and that the injury resulted from the negligent manner of operating the car. No question as to the legal right of appellee to operate a street railway could possibly be raised under the issues in this case. The rule is that this court will not pass on the constitutionality of a statute unless the validity of the statute is necessarily involved and a decision of the question is material to the determination of the issues involved. (*Schofield* v. *Pope,* 104 Ill. 130; *Village of Morgan Park* v. *Knopf,* 199 id. 444.) As we have already seen, appellant sets out the ordinance in two counts of his declaration and relies upon its validity to sustain those counts. Appellant cannot be permitted to occupy two inconsistent positions with respect to the same matter at the same time. If the ordinance is valid for the purpose of regulating the speed limit, as alleged by appellant in his declaration, it is inconsistent for him to insist that it is illegal and void for all other purposes.

This court being without jurisdiction to consider this appeal upon its merits, the motion to transfer the cause to the Appellate Court for the Second District will be sustained and the cause transferred accordingly.

*Cause transferred.*