## William McEniry, Appellant, v. Tri-City Railway Company, Appellee.

### Gen. No. 5,692.

1. AUTOMOBILES—*contributory negligence.* If the driver of an automobile which was damaged in a collision with a street car looked and saw the car coming and drove upon the track with the intention of compelling the car to stop, he was guilty of contributory negligence.

2. EVIDENCE—*court's discretion as to cross-examination.* In an action for damages to an automobile struck by a street car which it is alleged was running at a faster rate than permitted by ordinance, it is within the court's discretion to permit plaintiff, on cross-examination of the conductor, to show its speed and refusal to permit such cross-examination is not reversible error.

3. EVIDENCE—*what not proper cross-examination.* Where it is alleged that a street car which struck an automobile was traveling at a faster rate than permitted by ordinance if evidence, offered on cross-examination of the conductor by plaintiff, tends to establish a schedule rate at the time and place of the accident in excess of that permitted by ordinance it is a part of plaintiff's case in chief and not proper cross-examination.

4. EVIDENCE—*when ruling excluding certain cross-examination for time being not error.* Where a refusal to permit certain cross-examination is not final, the ruling is not error in the absence of a subsequent offer of the evidence.

5. EVIDENCE—*hypothetical questions.* A party who asks a hypothetical question in rebuttal which he thinks is predicated on the evidence cannot assume what is not within the range of legitimate evidence.

6. EVIDENCE—*order of.* Where plaintiff in an action for damages to an automobile which was struck by a street car fully went into

the question of the speed of the car in his evidence in chief, evidence as to its speed which may be considered testimony in chief was proper then only, and the court may in its discretion exclude further evidence on that question offered in rebuttal.

7. WITNESSES—*when motorman of street car has not shown qualifications to give expert opinion.* An experienced motorman, called in an action for damages to an automobile which was struck by a street car, has not shown qualifications to give an expert opinion as to the speed of the car, when the motorman started to set the brakes, based on the distance the automobile, on which the brakes were set, was carried by the car, where he has shown no knowledge or experience as to the retarding effect of striking an automobile with its inner and outer brakes set.

8. EVIDENCE—*what hypothetical question properly excluded.* A hypothetical question asked in rebuttal in an action for damages to an automobile which was struck by a street car, as to the speed of the car is properly excluded where it is not directed to the car in question; only the type of the track and not the type of car is stated; the track is described as shown by photographs in evidence, but only the car is so shown; the direction in which the car was going to knock the automobile in a certain direction is not stated; the question in substance was put to the witness in chief and answered; and no cross-examination was made on the subject.

9. EVIDENCE—*what competent on re-direct examination.* In an action for damages to an automobile struck by a street car where plaintiff on cross-examination of the motorman goes into the question as to his purpose in setting the brakes, it is competent for defendant on re-direct to prove that he did not set the brakes to avoid a collision but to take on a passenger.

10. WITNESSES—*when witness disqualifies himself from answering hypothetical question.* A witness is disqualified from answering a hypothetical question as to the speed of a street car when the motorman started to set the brakes, based on the distance an automobile which it struck was carried, when it does not state the extent to which the brakes were set, where he previously stated that it would depend on "how tight the brakes were set."

11. EVIDENCE—*discretion of court as to re-direct examination.* It is within the discretion of the trial court to permit re-direct examination as to a matter concerning which the opposite party cross-examined.

12. NEGLIGENCE—*when instruction as to due care not misleading.* In an action for damages to an automobile where numerous instructions correctly instruct as to the necessity of the driver using due care for its safety an instruction providing that he must use due care for his own safety cannot mislead.

13. AUTOMOBILES—*instructions.* Where action is brought for damages to an automobile struck by a street car, an instruction

is proper which states that, if the driver in the exercise of due care could and should have looked and seen the car and avoided the collision and did not, the finding should be for defendant.

Appeal from the County Court of Rock Island county; the Hon. ROBERT W. OLMSTED, Judge, presiding. Heard in this court at the December term, 1911. Affirmed. Opinion filed October 15, 1912. Rehearing denied April 3, 1913.

WILLIAM McENIRY, *Pro se.*

SEARLE & MARSHALL, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

William McEniry brought an action on the case in the County Court of Rock Island county against the Tri-City Railway Company, an Iowa corporation, for damages caused to his automobile resulting from a collision with a street car in the city of Rock Island where Seventh street intersects with Twenty First street. The declaration contained three counts. The first count charged that the defendant so carelessly and improperly drove and managed the electric car that through the negligence and improper management and unskillfulness of the defendant by its servants, the electric car ran into and struck the automobile with great force and violence and thereby damaged said automobile to the extent of $1,000. The second and third counts set out an ordinance of the city of Rock Island granting to the Tri-City Railway Company, its successors and assigns, the right and authority to construct, maintain and operate a single or double track electric street railway for the period of twenty years upon certain designated streets, among others, Twenty First street and alleged that the accident was the result of the violation by the street railway company of section 8 of said ordinance which limited the speed of cars to twelve miles per hour and alleged that the car in question was being run at the

unlawful rate of thirty miles per hour. The third count averred the acceptance by the street railway company of said ordinance and that the same was in force and binding upon said company. A plea of not guilty was interposed and upon a trial the jury found the company not guilty. A motion for a new trial was denied, judgment was entered on the verdict, and Mc-Eniry prosecuted an appeal to the Supreme Court on the ground that the validity of the ordinance was involved. The Supreme Court held that the averments of the declaration did not raise the validity of the ordinance and that it lacked jurisdiction to consider the appeal upon its merits and transferred the cause to this court. McEniry v. Tri-City Ry. Co., 254 Ill. 99.

So much of the briefs, arguments and instructions as relate to the subject of the validity of the ordinance set out in the declaration is not before this court.

On February 23, 1911, at about 1:00 p. m., appellant's son, about 16 years of age, was driving the automobile west on Seventh avenue in the city of Rock Island approaching the intersection of Twenty First street which crosses Seventh avenue at right angles running north and south. Appellee's electric car coming from the south, and the automobile going west collided at the crossing and the automobile was damaged. The driver of the automobile testified that at a point about 150 feet east of Twenty First street he had an unobstructed view for a block south of Seventh avenue to Eighth avenue and that he looked in that direction and saw no car then; that he was driving at the rate of from ten to twelve miles per hour; that from the time he first looked south he gave his attention to some people on the north side of Twenty First street and did not look south again until he was about forty feet from the track when for the first time he saw a car 150 feet south, coming north at a speed of from twenty to twenty-five miles per hour and the motorman setting the brakes; that he immediately applied the brakes to the automobile and brought it to a stop with the

front wheels just over the east rail of the track and before he had time to back off the track the car struck the automobile, turned it around and pushed it north on Twenty First street and about fifty feet and the car stopped about seventy feet further on. Four other witnesses testified for appellant that the car was going at from eighteen to twenty-five miles per hour. Four witnesses among them the motorman and the conductor in charge of the car, testified for appellee that the car stopped at Eighth avenue to take on a passenger. Three witnesses testified for appellee that the car was going at from eight to ten miles per hour at the highest speed as it approached Seventh avenue. A number of appellee's witnesses testified that at the time of the collision the car was going very slow and had almost stopped. There was expert evidence for appellee that a car geared as this one could not run more than eighteen miles per hour and that it would take four blocks to work up such a speed. There was proof that the front end of the automobile was just a short distance behind the rear end of the car when the car stopped and other proof that the automobile was carried much farther and that the car ran about half a block before it stopped.

The driver of the automobile may, in fact, not have looked, although he testified that he did. He may have been further back when he looked. The great preponderance of the proof is that the street car stopped at Eighth avenue and it may be that when the driver looked in that direction it was standing still and he failed to observe it. His look may have been much more casual than he now supposes. He may have been driving at a greater rate of speed than he thinks he was. It may also be that the jury concluded that, notwithstanding his testimony, he was, in fact, trying to cross the track ahead of the approaching car. He may have seen the car and thought that he could get across ahead of it or that he could force the motorman to stop. He had nothing to distract his attention except,

as he says, watching the two people on the street.   If
he had looked and saw the car coming and drove upon
the track with the intention of compelling the car to
stop, then he was guilty of contributory negligence.
Chicago P. & St. L. R. Co. v. DeFreitas, 109 Ill. App.
104; Chicago R. I. & P. R. Co. v. Jones, 135 Ill. App.
380; Hauk v. Peoria R. Co., 154 Ill. App. 473.   The
question as to what amounts to due care of course
cannot be determined by any hard and fast rule, but
must be determined from the facts and circumstances
in the particular case.   The question whether the driver
of the automobile was exercising due care for the
safety of the machine in approaching the street car
line and whether the motorman was exercising due
care in approaching the crossing, were questions of fact
for the jury and their findings on these questions, not
being against the manifest weight of the evidence, and
approved by the trial judge, should not be disturbed
unless it is clear that the verdict was the result of
some error of law committed by the trial court in the
admission or exclusion of evidence, or in the ruling on
instructions.

It is contended by appellant that if the car had been
going only twelve miles per hour and if the driver of
the automobile kept up his speed, the automobile would
have passed over the track before the car reached it
and that the car must therefore have been going in
violation of the ordinance and that the driver of the
automobile had a right to presume that no car would
run in excess of the speed limited by the ordinance and
that as a matter of law it was not negligence for the
driver to fail to look south after the first time.   Grant-
ing that the driver of the automobile had a right to
govern his conduct on such an assumption, or giving
such an assumption the full force and strength of a
legal proposition, appellant had the full benefit of it
in his given instructions one, two and four.

Appellant complains that the trial court unduly re-
stricted his right of cross-examining the conductor of

appellee's car. He was examined in chief, cross-examined and recalled for further cross-examination and asked by appellant: "How many blocks do you go south?" This question was objected to as not proper cross-examination. Thereupon appellant stated that he proposed to show by this witness the distance appellee's car ran in making the trip in order to show that its schedule time compelled it to run faster than permitted by the ordinance. If the offered evidence tended to establish a schedule rate at the time and place in question in excess of that permitted by the ordinance, it was a part of appellant's case in chief and not a proper subject for cross-examination. The court may permit a party to introduce evidence in support of his case or defense, during the cross-examination of his adversaries or his adversaries' witnesses, but the refusal of such permission is not error. Peyton v. Village of Morgan Park, 172 Ill. 102; Wheeler & Wilson Mfg. Co. v. Barrett, 70 Ill. App. 222; 38 Cyc. 1355. The order of testimony, both as regards the examination of the particular witnesses and the general course of the trial is within the discretion of the court. Ranney v. St. Johnsbury & L. C. R. Co., 67 Vt. 594, and cases there cited. As before stated, appellant did not offer or advance this evidence as proper cross-examination, but stated his object to be to prove the speed of the car. In offering this evidence, appellant was invoking the discretion of the court. The court permitted him to recall the witness for further cross-examination. The extent to which he might thus cross-examine him was purely a matter of the discretion of the court and the refusal of the court to permit a cross-examination upon the question which, if competent at all, was a part of appellant's case in chief, is not reversible or reviewable error. Moreover the ruling of the court was made only for the time being and was not final, and in the absence of a subsequent offer of the evidence by appellant, such a ruling would not be error.

Appellant in rebuttal asked of a witness who had been a motorman six or seven years before, the following hypothetical question:

"Suppose a car, running on a level track, of the type that I have shown you in this photograph * * * with the rail dry and brakes in good working order, is running upon a track as I have described, and the car, after the brakes are applied, runs a distance of from 190 to 200 feet and at a point about 90 feet from the point where the brake is applied it strikes an automobile at about the front wheel, and the engine of the automobile weighs a thousand pounds, and both the outer and inner brakes of the automobile are set, it turns the automobile from its direction of west to that of north and carried the automobile, with the brakes set, a distance of 30 feet, and the car runs on beyond the automobile 70 feet before it comes to a stop; what would you say was the speed of the car at the time the motorman started to set the brakes?"

The court sustained an objection to this question. There are several reasons why that ruling was proper. After he had rested, neither party can, as a matter of right, introduce any further testimony which may be properly considered testimony in chief. 38 Cyc. 1355. The strict rule is that he must try a case out when he commences. 1 Thompson on Trials, Sec. 346. Any relaxation of this rule is but an appeal to the sound discretion of the court. Graham v. Davis, 4 Ohio St. 362, 62 Am. Dec. 285. The exercise of such discretion is not reviewable. City of Sandwich v. Dolan, 141 Ill. 441, and cases there cited. Appellant also contends that he had a right to ask this question on the ground that he thought it was predicated on the evidence, and he cites Elgin, A. & S. Traction Co. v. Wilson, 217 Ill. 47; Shaughnessy v. Holt, 236 Ill. 485, in support of his contention. We find on an examination that these cases, while using a general expression seemingly justifying counsel's contention, did not consider the real question at issue here and we think it must neces-

sarily be that the court meant such expressions only with the qualification as stated in the case of Haish v. Payson, 107 Ill. 365: "but it is not permissible to assume what is not within the range of legitimate evidence." It seems to us that the reason for such qualification is so manifest that it is only necessary for it to be stated to prove its correctness. Again, appellant argues, that it was highly important evidence on the question of the speed of the car just before the accident when the brakes were applied. If so, that question had been fully gone into by appellant in his evidence in chief and if proper at all, it was proper then and then only, and he could not thus divide up his evidence, using part in chief and the rest in rebuttal. 38 Cyc. 1356, Note 34. Moreover, the witness had not shown any qualifications to give an expert opinion; as, for instance, he had shown no knowledge or experience with the retarding effect of striking an automobile with its inner and outer brakes set. The question was not directed to the particular car in question; the type of the car was not stated, only the type of the track; it describes that the track is shown by photographs, whereas they were photographs of the car that were shown; the direction the car was going to knock the automobile from its western direction to a northerly direction was not stated; there was no proof that the brake was in good working order. The substance of the question had been put to the witness in chief and had been answered; no cross-examination had been made on the subject. Furthermore, the witness had disqualified himself from answering the question which did not state the manner or extent in or to which the brakes were set by previously answering the obvious truth that that would depend "on how tight the brakes were set," an absolutely essential element to the question to entitle it to be answered.

It is urged that it was reversible error to permit the motorman, on redirect examination, to state, over the

objection of appellant, what he had in mind with reference to a collision with appellant's automobile at the time he began to set the brakes on the car, for the reason that appellant could not cross-examine him as to the condition of his mind. Appellant fully cross-examined said witness and sought to show that it was for the purpose of avoiding a collision and the witness testified that it was to take on a passenger and to avoid a collision, but that the car had almost 'stopped when the collision occurred. The question complained of bears directly on the same subject and was therefore proper on re-direct examination. It was just as competent for appellee to prove by the witness that he did not set the brake to avoid a collision, as it was for appellant to show that he did set it for that purpose. Furthermore, it is purely within the unreviewable discretion of the court.

The seventeenth instruction given for appellee speaks of the necessity of the driver of the automobile using due care for his own safety instead of limiting it to the safety of the automobile. Appellant complains of this. We think his criticism is hypercritical and without merit. The words, "his own safety," might, of course, have been omitted, but their presence entails no different kind or degree of safety than if limited to the automobile. It necessarily shows that if he failed to exercise due care for his own safety he also did for the safety of the automobile and vice versa. Hence, in our opinion, no prejudice could result from the phrase being in the instruction. Moreover, the jury were correctly instructed on this branch of the case by numerous instructions for both appellant and appellee and could not have been misled by the instruction in question.

The same criticism may be made of appellee's eighteenth given instruction and the same reasoning in reply.

Appellant says that appellee's twenty-first instruc-

tion was erroneous, because it told the jury that if the driver of the automobile could have looked and seen the car and did not, they should find for the appellee. The instruction is not susceptible of such a construction, but on the contrary plainly told the jury that if, in the exercise of due care, he could and should have looked and seen the car and avoided a collision and did not, then they should find for appellee, an entirely different meaning from that contended for by appellant. It assumes no fact, but submits the question as one of fact to be determined from the evidence, whether the driver of appellant's automobile, in the exercise of ordinary care, should have looked for the car before attempting to cross the track and whether he did look, and then states that if he should have looked and did not look, and the automobile was injured in consequence of his failure to do so, the jury should find appellee not guilty. The question presented by the instruction was appellee's chief ground of defense and was properly submitted to the jury. Chicago & E. I. R. Co. v. Storment, 190 Ill. 42; Chicago, B. & Q. R. Co. v. Camper, 199 Ill. 569; Mallen v. Maldowski, 203 Ill. 87; Chicago City Ry. Co. v. O'Donnell, 208 Ill. 267; Scanlan v. Chicago Union Traction Co., 127 Ill. App. 411.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*